## COURT OF APPEALS.

PUGSLEY respondent agt. KESSELBURGH AND OTHERS appellants.

It is not necessary that the *record* should show the identity of a suit commenced before a justice of the peace with that commenced in the Supreme Court for the same cause of action, where title to land is pleaded before the justice. Motion papers may be examined to ascertain that the suit was commenced in a Justice's Court.

And where the suit in the Supreme Court appears to be so situated that the plaintiff on recovering less than $50, would be entitled to full costs, even if title did not there come in question; it must be held to have originated in a Justice's Court; and this court have no jurisdiction (*Brown agt. Brown,* 6 How. Pr. R. 320).

*January Term,* 1853. *Motion to dismiss appeal.* The plaintiff commenced a suit in October 1848, against the defendants before a justice of the peace of Columbia county, and complained against them for breaking and destroying his fences, and entering upon and injuring his lands and crops growing thereon. The

defendants in their answer justified the entry, alleging that they were commissioners of highways of the town where the premises entered upon were situated; that the premises were of right a public highway, but had been enclosed and the highway obstructed by the plaintiff, and that the acts complained of were done by them, in removing such obstruction and repairing the highway. The plaintiff replied denying the facts alleged in the answer. The defendants delivered to the justice, with their answer, an undertaking, such as required by the statute, where the title to lands is put in issue before a justice of the peace, which was approved by the justice; and thereupon a suit was commenced by the plaintiff against the defendants in the Supreme Court for the same cause of action, and issue was joined upon pleadings similar to those which were filed with the justice. The issues were tried in June 1849, at the Columbia circuit, where the plaintiff obtained a verdict for twenty-five dollars upon which judgment was subsequently entered. A motion for new trial was denied by the Supreme Court, and the defendants appealed to this court. The record set forth in the return, and in the printed case before this court, contained no reference to the proceedings before the justice.

K. MILLER, *for the Respondent*, on affidavit showing the foregoing facts, now moves to dismiss the appeal.

J. H. REYNOLDS, *for Appellants.*

By the Court, JOHNSON, J.—In Brotherson vs. Wright (15 *Wend.* 257), and The People vs. The Albany Com. Pleas (19 *Wend.* 123), it appears not to be necessary that the record should show the identity of the suit in the Common Pleas with that begun in the Justice's Court; for although it did not in those cases appear from the record, yet the suits were regarded as continuations of those commenced in the Justices' Courts. If this be so, then unless we are prepared to reject the authority of Brown vs. Brown (6 *How. Pr. R.* 320), in this court, we must look into the motion papers to see whether the suits are thereby shown to have been commenced in Justices' Courts. If they appear to be so situated, that in the Supreme Court the plaintiffs, on recovering less than $50, would be entitled to full costs against

the defendants, even if title did not there come in question, then
I think under the case of Brown vs. Brown, we must hold them
to have originated in a Justice's Court.  In this case it plainly
appears from the affidavits that the cause did, in the sense of the
rule, originate in a Justice's Court, and therefore the appeal must
be dismissed.   Motion granted, with ten dollars costs.