THE NIAGARA FALLS SUSPENSION BRIDGE COMPANY, Appellant, v. PETER D. BACHMAN, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

Owners of land in a village made and filed a map thereof, laying out lots and a street thereon, and sold lots upon and with reference to the street; the village authorities afterward declared the street open, and it was worked, and built on, as a street.—*Held*, that there was a dedication and an acceptance of the street throughout its entire extent, although a small portion (which was left open to the public, and on which lots had been sold), had never been worked by highway labor, and that trespass would not lie in favor of the owners of the soil, against an officer acting under direction of authorities of the village having power over its highways, for cutting trees and clearing away obstructions on the portion so unworked.

*Held* further, that the trees when cut belonged to the owners of the soil, but that gravel taken by the same officer, from the portion of the street so unworked, for improvement of village streets embraced in the same map, was properly used for such purpose, and that the owners of the soil were entitled to no damages therefor.

Where the defendant, before answering in a justice's court, offered in due form under section, 64 sub. 15, of the Code, to allow judgment against him for a certain sum, and upon plea of title the action was discontinued and brought in the Supreme Court.—*Held*, that the action here was identical with that in the justice's court, and the defendant entitled to costs on recovery by the plaintiff of less than the sum offered.

THIS action was brought to recover damages for acts of trespass alleged to have been committed upon lands of the plaintiff, in the village of Niagara Falls.

It was originally commenced in a court of a justice of the peace, and discontinued there on plea of title, and an undertaking given as prescribed by statute, and was thereupon brought in this court for the same cause, by deposit of a summons and complaint with the justice, of which the defendant duly admitted service. On the return of process before the justice, and before answer, the defendant made an offer in writing to allow judgment against him for an amount stated, with costs, which the plaintiff rejected.

The defendant, at the time of the alleged trespass, was superintendent of the village of Niagara Falls, and the *locus in quo* was within the corporate bounds of that village, and he was directed by resolution of the board of trustees of the village, who were by law vested with the powers of commissioners of highways, to remove certain trees in his discretion standing on the line of Niagara street, and the cause of action arose out of his acts done in compliance with this direction. The plaintiff acquired title in accordance with the provisions of its incorporating act (chapter 133, Laws 1855), and the acts amendatory thereof to the premises in question, subject to all the rights of the public in and to any streets thereon, or public highways, or pass ways. Other facts appear in the opinion.

*Piper and Potter, and A. Perry,* for the appellant.

*H. N. Griffith,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The plaintiffs took title to the *locus in quo*, expressly subject to the rights of the public, to and in certain streets which pass through the same, as laid down on the map of the village, made for the proprietors by Jesse P. Haines in 1836, and filed in the office of the clerk of Niagara county.

The acts complained of were within the boundaries of Niagara street, as laid down on said map. By making and filing this map and selling lots in reference to it, the proprietors from whom the plaintiffs derive title had clearly dedicated the whole of Niagara street, as there laid down, to the use of the public as a street, and subjected it to the control of the highway commissioners of the town, or the officers of the village corporation, clothed with their powers, and acting in their stead. These powers were devolved by the legislature upon the trustees of the village of Niagara Falls, and as

early as 1853 Niagara street was declared to be open as a highway westerly from Seventh street to its intersection with Water street, which includes the place in question. At the time in question the street had been worked and built upon as far west as Canal street. There can be no question that, as against the original proprietors, there had been a complete and perfect dedication of Niagara street through its entire length, as shown upon the map, and the owners of lots purchased from the proprietors on that street, and the authorities of the village had acquired rights in the whole, of which they could not have been divested by such proprietors, although a small portion of such street had not been worked by highway labor at the time of the acts complained of. The streets generally as laid down on the map had been accepted by the village authorities, and opened and worked as far as the necessities of the public required. Niagara street had been opened and worked as far west as Canal street, leaving the space between Canal street and Water street open to the public as they had occasion to use it, but not actually worked Lots had been sold by the original proprietors, as the referee finds, on Niagara street, between Canal and Water streets. The original proprietors had never attempted to withdraw or change the original dedication or to deprive the public of the use of the lands so dedicated as streets up to the time when the plaintiffs obtained title in October, 1867. The plaintiffs have no greater rights than the original proprietors had, from whom they claim title.

There can be no doubt that the trustees of the village had the right to order Niagara street to be opened, as they did, so as to make it a thoroughfare through from Canal street to Water street, as it was easterly from Canal street through its entire length.

The defendant was a public officer, and was only carrying out the orders of the trustees, in clearing the roadway from the obstruction of the standing timber. It is claimed by the plaintiffs, that the map of 1861, which was the map the original proprietors generally used after it was made and filed,

The Niagara Falls Suspension Bridge Company v. Bachman.

effected some change in the dedication of this portion of Niagara street. But there is nothing either on the face of the map or in the evidence to show this, even if they had the power then to change it.

Though the defendant had the right to cut down and remove the timber in the roadway, for the purpose of opening the same, he had no right to use it or convert it. As it was not necessary to be used in fitting the street for use by the public, it belonged to the plaintiffs as owners of the soil. The gravel which was taken was used in repairing the streets of the village, embraced in the village plat on the same map, and dedicated at the same time to the public, and was not otherwise used or converted. This was a lawful use of the soil within the boundaries of a street, for which no recovery can be had. (*Higgins* v. *Reynolds*, 31 N. Y., 151.) Upon the undisputed facts of the case, the plaintiffs were entitled to recover for the timber taken away from the premises only, and that upon the ground that the defendant had converted it. Even if there was error in some of the rulings of the referee against the plaintiffs, I do not see how it was possible to come to a result more favorable to the plaintiffs, on the question of the right of action and of damages. I have not, therefore, thought it at all essential to examine the different rulings of the referee on questions of the admission or rejection of evidence offered.

The only question which appears to me to call for any special examination, is the one affecting the costs of the action.

The defendant, when the action was commenced in the Justices' Court, before answering, made an offer in due form, that the plaintiff might take judgment against him for twenty dollars; this the plaintiff refused to accept, and the defendant thereupon interposed his plea of title. This action was then commenced in the Supreme Court for the same cause, according to the provisions of the Code, and the pleadings are the same as in the Justices' Court. No offer of judgment has been made in the Supreme Court. The referee held and

The Niagara Falls Suspension Bridge Company *v.* Bachman.

decided, that the offer in the Justices' Court was an offer in this action, and inasmuch as the recovery was for less than the offer, the defendant was entitled to judgment for costs. Whether the referee is right in this depends upon the question whether this is the same action as that commenced before the justice. That it is for the same cause of action admits of no doubt; but is it the same identical action there sought to be prosecuted? If it is, the referee is right. A party, defendant, cannot be required to make an offer of the same matter twice in the same action. The Code, sec. 64, sub. 15, provides for making this offer by a defendant in a Justices' Court, and also provides that in case the plaintiff do not accept it, and fail to recover judgment for a greater amount than that specified in the offer, he shall not recover costs, but shall pay to the defendant his costs accruing subse-. quent to the offer. The cases, as I understand them, all hold, on this question, that the action in such a case, when prosecuted in the Supreme Court, is the same identical action, though prosecuted in a different forum. (*Cook* v. *Nellis*, 18 N. Y., 126; *Pugsley* v. *Kesselburg*, 7 How. Pr., 402; *Wiggins* v. *Tallmadge*, id., 404; *Brown* v. *Brown*, 6 id., 320.)

This being the case, and the plaintiffs having recovered a judgment for damages less favorable to them than the offer, the defendant is entitled to his judgment for costs.

The judgment is therefore right and must be affirmed

Judgment affirmed.