DETERMINED IN THE

# SECOND DEPARTMENT,

AT

## GENERAL TERM,

### September, 1885.

---

JOHN C. ROBERT AND OTHERS, APPELLANTS, *v.* H. M. SADLER AND OTHERS, RESPONDENTS.

*Land taken for a highway — right of the commissioners to remove the soil, for the purpose of using it to fill in another portion of the same highway.*

After the report of commissioners, appointed to appraise the damages to be paid to the owners of land to be taken for a public highway, had been duly confirmed by the court, commissioners, duly appointed for that purpose, entered upon the lands and made contracts for the proper grading, filling and opening of the highway. The contractor removed gravel from the land taken from the plaintiffs, above and below the grade line established by the commissioners, which gravel was used by him in filling, grading and constructing the highway as required by his contract in front of the plaintiffs' premises and elsewhere. *Held,* that the plaintiffs could not enjoin him from so doing.

APPEAL from a judgment, entered in favor of the defendants against the plaintiffs on dismissing the complaint on the merits.

The cause was tried before Mr. Justice CULLEN, at Special Term, and judgment was entered upon his decision. The action was brought by Jane Robert to enjoin the defendants, who claim to be commissioners for grading Eighteenth avenue, in the town of New Utrecht, from digging gravel from that portion of Eighteenth avenue so-called, which lay in front of her farm, and carrying the same away. Jane Robert died while the action was pending, and the action was continued in the names of the present plaintiffs. The land was a part of plaintiffs' farm, and the defend-

ants claim that it was taken for the purposes of a public highway, pursuant to a certain resolution of the board of supervisors of Kings county, passed May 29, 1884. After the report of the commissioners appointed to appraise damages had been confirmed by the court, commissioners to grade and open the same .were appointed under chapter 670 of 1869. They entered upon the lands and made a contract for the construction of the road with the defendant Curran, by whom the gravel was removed. The pits in question were dug in part below the established grade of the avenue, and the gravel was taken from above and below such grade, and used in grading the avenue in front of plaintiffs' farm and elsewhere.

*Hubbard & Rushmore* and *John D. Pray*, for the appellants.

*William Sullivan*, for the respondents.

BARNARD, P. J. :

The opening of a road is not completed when a certain and fixed piece of land is taken from the owner for a highway. It is necessary first to open and work it. This includes so grading the surface of the land as to make the road fit for travel. Hills must be cut down and valleys and swamps filled up. There is no fixed grade beyond such a line as is best adapted to make a good and easy road. This grade may be changed from year to year to meet appropriations of money for improvement. It has always been held in this State that the material and timber within the limits of the road may be used for the making, working and improvement of the road and for making bridges thereon. (*Jackson* v. *Hathaway*, 15 Johns., 447.) With the exception of this right, the landowner retains the exclusive right of property. In the case of the *Niagara Falls Suspension Bridge Company* v. *Bachman* (4 Lans., 523) it was decided that gravel may be lawfully taken by the highway commissioners and carried from lands opposite one person and used on a part of a highway opposite another owner, for the repair of the road.

The case of *Fisher* v. *The City of Rochester* (6 Lans., 225) only decides that a contractor who has used the stone for his own use, and not upon the highway, did not owe the city therefor. In such cases the material belongs to the owner of the land. There is no

limit beyond which material may not be taken if needed for the purposes of a road. As already observed, a grade may be changed, and no reason is presented why material below the surface of the road may not be taken to improve the face of the road elsewhere, provided that the excavation is so filled up as to make a good road.

The judgment should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment affirmed, with costs.