## Williams *vs.* Kenney.

The defendant, being the owner of the soil in a highway, sold to P. a bank of sand therein, in front of the plaintiff's premises, where he resided. P., in taking away the sand, dug down four or five feet below the surface of the ground, for a distance of some three rods, opposite the plaintiff's land. The excavation was about eight feet from the plaintiff's fence, and the earth had partially caved in, to within about four feet of the fence, but none of the plaintiff's earth, or fences, or improvements had been in the least disturbed. *Held* that no action would lie for damages.

This was an appeal by the defendant from a judgment entered upon the report of a referee, and from an order entered at a special term, denying a motion to set aside said report and the judgment entered thereon.

*S. H. Northrop*, for the appellant.

*Geo. Hastings*, for the respondent.

*By the Court*, Johnson, J. I am unable to perceive any ground upon which this action can be sustained against the defendant. There is no dispute about the facts, at least as to those which lie at the foundation of the action. The defendant was the owner of the soil in the highway. The plaintiff owned the premises adjacent, up to the highway. The defendant sold to one Pratt a bank of sand, within the bounds of the highway, which was suitable for building purposes, and which Pratt had the privilege of removing; but he was not to dig so as to injure the highway or the plaintiff's premises. The bank was partly or wholly in front of the plaintiff's premises, on which he had built and planted shrubbery, and resided. Pratt, in taking sand, dug down four or five feet below the surface of the ground for a distance of some three rods, in front of the plaintiff's premises, which front on the road about twenty rods. It does not appear that the earth has been disturbed at any of the usual points of ingress and egress, but the digging was all north of the bars and gate. The excavation was some eight feet from the plaintiff's fence, and the earth had partially caved in to within about four feet of

the plaintiff's fence ; but none of his earth, or fences, or any of his improvements had been in the least disturbed. It appears from the evidence, that to build up a solid wall of masonry in front of the plaintiff's premises would cost from $50 to $60, but that by plowing and scraping the sand and earth in the road, the excavation could be filled and the surface restored to its former condition, substantially, for a comparatively trifling sum. The referee found and reported the damages at $50, the cost of building a solid wall. There is no view in which this decision can be sustained. The action is brought for an injury done to the plaintiff's premises. But if any injury has been done for which the law will afford the plaintiff redress, it was not done by the defendant. The land was his, subject only to the public easement. The plaintiff had no more right or interest in it than any other citizen, except that of an unobstructed passage between it and his premises at all necessary and convenient points, where he was accustomed to enter and depart.

If there was a bank of sand, valuable for building purposes, any portion of which could be removed without prejudice to the public easement, or the plaintiff's right of ingress and egress, the defendant had a perfect right to remove it or sell it. He sold it, but was careful to stipulate that no more of it should be removed than could be done without injury to the highway, or to the plaintiff. If Pratt went on and committed a wrong, in violation of his stipulation, the defendant is not responsible. Pratt was not his servant or agent, or acting under his authority, while infringing upon the plaintiff's rights. But I am of opinion that had the defendant himself done the acts complained of, no action could have been maintained by the plaintiff.

It is quite manifest that all the injury done to the plaintiff is the disagreeable and unsightly appearance of this excavation in front of his premises. He had no passage way at that point, which was interfered with. His premises were fenced, so as to prevent any entrance upon them north of the gate where the excavation was made. So that neither his right of passage upon the highway was disturbed, or interfered with, nor his right or convenience of ingress or egress from and to the highway. Ex-

clusive of these rights the defendant had the entire control and interest. The soil was his, with all the materials which nature had placed there, and he could dig, take, use and sell, to any extent compatible with the full and secure enjoyment of the easement by the public.

So long as nothing was thrown upon the plaintiff's land, and nothing diverted or taken from it, he could have no right of action. The whole doctrine as to the extent to which one may use his own property without being liable for damages, is reviewed and reaffirmed in the case of *Radcliff* v. *Mayor &c. of Brooklyn*, (4 *Comst.* 195.)

The decision of the referee was wrong, and the judgment entered upon the report must be reversed.

[MONROE GENERAL TERM, March 7, 1853. *Selden, T. R. Strong* and *Johnson,* Justices.]