JACOB FISHER et al., Appellants, *v.* THE CITY OF ROCHESTER and RICHARD DRANSFIELD, Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

Under the charter of Rochester city, which authorizes the apportionment of an excess of sums received for assessments for city improvements (§ 207, Laws 1866, chap. 143), such assessments may be collected beyond the actual cost of the improvement, if within the estimate made pursuant to section 191. (Id.)

The city cannot credit itself with materials taken from the street by its contractor in paying him for the work. They belong to the owners of the fee of the street.

THIS was a motion for a new trial by the plaintiffs after nonsuit at Special Term in Monroe county. The facts are stated in the opinion.

*John McConvill*, for the appellants.

*Jesse Shepard*, for the respondents.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ

MULLIN, P. J.    This is an equitable action brought by the plaintiffs in behalf of themselves and all others who are taxpayers in the city of Rochester, liable to be assessed for the expenses of a sewer in Atkinson street in said city, who might come in and make themselves parties, to restrain the common council of said city from collecting the assessment, made for building said sewer, beyond the actual expense of constructing the same, after deducting from the contract price the value ot certain material which the contractor had taken and appropriated to his own use.    The grounds on which this relief is sought are:

1st. That by the charter of said city the common council

cannot collect from those liable to be assessed for sewers a greater sum than the actual cost thereof.

2d. The common council is bound to deduct from the amount to be paid to the contractor the value of the stone which the contractor excavated in preparing to build the sewer, and which he took and applied to his own use.

The city surveyor estimated the cost of the sewer at $1,055. This sum was assessed on the persons living on the street in which the sewer was laid, who were deemed by the common council to be benefited thereby. The defendant Dransfield contracted to build the sewer for $632.60.

The common council passed a resolution that there be collected of those who were assessed for the work eighty-five per cent of the cost as estimated by the city surveyor, whereas there should be deducted for stone taken by the contractor some $240, and to pay the balance of the cost of the work, only about sixty per cent of the estimated cost should be collected.

The court non-suited the plaintiff, and a motion was then made for a new trial, which was denied, and from that order the plaintiff appeals to this court.

The plaintiffs were rightly non-suited.

The proceedings to construct and to assess the expense of the sewer upon those of the citizens of Rochester liable to be assessed therefor, are concededly regular.

The only grounds of complaint are: 1st. That the city authorities are proceeding to collect of those liable (of whom plaintiffs are part) eighty-five per cent of the estimated expense of the work, whereas sixty-two per cent would be sufficient to pay the whole expense of the work. And, 2d. That the contractor should be compelled to deduct from the sixty-two per cent some $240, for stone taken from the street and used in the construction of the sewer, which was the property of the owners of the land over which the said sewer was constructed and to whom the said stone belonged.

By section 161 of the charter, the common council is authorized to construct sewers.

Fisher *v.* City of Rochester.

By section 191, the common council is required to ascertain the expense of the work, and, by sections 192 and 200, to direct the assessors to assess on the real estate benefited, and the assessment when ratified is final and conclusive.

And the amount so assessed is required to be collected and paid over to the city treasurer. By section 207, it is provided that if more is collected than is required to pay the expense of the work, the common council is authorized to apportion it amongst those assessed, and by section 208, if less than the full amount is raised, the deficiency may be reassessed and collected.

In view of this legislation it is a mistake to suppose the common council may not collect the whole estimated expense of the work, whether it is more or less than the actual expense.

The city has no right to credit, as between it and the contractor, for the stone taken from the street by the contractor.

As I understand the case, the owners of the lots on each side of the street own to the center of it. The stone and earth within the limits of the street are the property of the individual owners and not of the city. It has no interest whatever in such property.

Each owner may, I suppose, collect the value of the stone, taken from his lot, of the contractor; or they might assign their claims to the city, and in that way make the demand available by way of reduction of the contractor's demand against the city, but in no way can this action be maintained.

The order refusing a new trial is affirmed, with costs.

Order affirmed.