## Onzo J. Bissell v. Joel Collins.

*Streets: Cities: Gravel: Grading: Adjacent land owner.* A city in improving its streets may take the natural material found within their limits suitable for the purpose, and distribute it in making the improvement as the authorities deem best; and this, even though the rights of the adjacent land owner be equal to those of a proprietor bounded on an ordinary highway in the country. This case and *Cuming v. Prang, 24 Mich., 523*, distinguished.

*Highways: Streets: Country roads: Adjacent land owner.* Whether the owner of premises fronting upon a street in the city of Grand Rapids has the same rights in the street as a proprietor bounded on an ordinary highway in the country:—*Quære?*

*Practice: Referees report: Finding of facts.* Where, in an action for the value of gravel taken from the street in front of the plaintiff's premises, the referee to whom the cause was referred has found in his report that the defendant entered into a contract with the city to make an improvement in the street which had been ordered by the city, and had used the gravel in making such improvement, the objection that defendant has not shown his contract was duly, and with all legal requisites, ordered and entered into on the part of the city, is not open for consideration on error.

*Heard October 24. Decided November 4.*

Case made from Kent Circuit.

*Taylor & Eddy*, for plaintiff.

*Joslin & Kennedy*, for defendant.

COOLEY, J.

This action was brought to recover the value of gravel taken by the defendant from the street in front of plaintiff's premises in the city of Grand Rapids. The case was referred to a referee, who reported that the street was a public highway, duly laid out on a plat recorded as provided by law; that the defendant, at the time he took the gravel, had a contract with the city of Grand Rapids, for the grading and graveling of the street in question; that the improvement had been ordered by the council, and that the gravel was made use of on the street. The major portion of the gravel, however, was taken below the grade established for the improvement in the contract between the city and the defendant, and was used on other portions of the street, the excavation being filled up with surface soil, and then graveled over. The referee held the defendant liable for the gravel taken from the excavation, except so far as it was made use of in front of the premises, upon the ground that he did not show on what portion of the street it was made use of; the referee holding it to be unreasonable that he should use it for the purposes of the

improvement except between the cross streets on either side of plaintiff's premises.

The referee justified his conclusion, upon the opinion of this court, in *Cuming v. Prang, 24 Mich., 523.* But he must have overlooked the fact that that case had reference to a mere alley, not shown to extend beyond the block, and that the decision recognized the right of the city to make use of the gravel found within the limits of the alley in improving any part of it. The ground of defendant's liability was that he did not use it for that purpose at all. We could not assent to the doctrine that a city, in improving a street, may not take the natural material found within its limits suitable for the purpose, and distribute it in making the improvement as the authorities deem best.

The plaintiff insists that defendant has not shown his contract was duly, and with all legal requisites, ordered and entered into on the part of the city; and therefore he has not established his justification, and must be considered a mere trespasser. But we think this objection not open to him on the referee's report, which finds that the improvement was ordered, and a contract entered into by the council for making it. We cannot go back of this finding to infer or imagine illegalities.

Some questions were discussed on the argument which become immaterial in the view we have taken of the main point involved. We dispose of this case on the supposition that the plaintiff's rights in the street were precisely as great as those of a proprietor bounded on an ordinary highway in the country, but without expressing any opinion whether or not his rights are in fact of that extent. We think the circuit judge was correct in overruling the referee's conclusions, and his judgment must be affirmed, with costs.

The other Justices concurred.