John C. Robert et al., Appellants, *v.* H. M. Sadler et al., Respondents.

Where the public have taken an easement for a street or highway, and the surface of the land is above the grade of the highway, so that, in order to reach the grade line, it is necessary to remove the superincumbent material, this may be used on other portions of the road, on the premises of other land owners; but the public easement justifies only the taking of earth and soil which the process of construction or repair requires, and necessarily compels to be removed.

Where, therefore, the defendants, in the performance of a contract with the public authorities for the construction of a highway across plaintiffs' land, the surface of which was above the grade of the highway, not only removed the gravel and other materials above grade, but, also, dug and were digging pits in the highway to the depth of six feet below grade to get gravel with which to cover the roadway on lands not owned by plaintiffs. *Held,* that plaintiffs could maintain an action to restrain the further removal of the gravel.

The smallness of the value of the fee in a highway does not justify a seizure of the fee without due and lawful authority or its destruction by indirect rulings.

*N. Y. S. B. Co.* v. *Bachman* (4 Lans. 523); *Denniston* v. *Clark* (125 Mass 216); *City of N. H.* v. *Sargent* (38 Conn. 50); distinguished.

*Bissell* v. *Collins* (28 Mich. 277); questioned.

*Robert* v. *Sadler* (37 Hun, 377) reversed.

(Argued December 18, 1886; decided January 18, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made September 23, 1885, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial without a jury. (Reported below, 37 Hun, 377.)

This action was brought to restrain the defendants, who were engaged in the work of grading Eighteenth avenue, in the town of New Utrecht, among other things, from digging pits in the roadway and carrying away gravel therefrom.

The material facts are stated in the opinion.

*J. D. Pray* and *H. B. Hubbard* for appellants. No public right or easement was ever lawfully acquired in the plaintiffs' land. Private property cannot be taken for the public use unless provision be made by law for compensation to the owner. (Const. art. 1, § 6.) A remedy for compensation, contingent upon the realization of a fund by taxation for benefit within a limited district, does not meet the constitutional requirement. (*Gardner* v. *Village of Newburgh*, 2 John. Ch. 162; *People ex rel. Utley* v. *Hayden*, 6 Hill, 359; *Wallace* v. *Karlenoufsky*, 19 Barb. 118; *Chapman* v. *Gates*, 54 N. Y. 132; *Sage* v. *Brooklyn*, 89 id. 189; *In re Application of Mayor, etc., of N. Y.*, 99 id. 577. The public, if the proceedings were regular and lawful, acquired only an easement for the purposes of this avenue, and the original proprietor of the land is the owner of the soil for all purposes not inconsistent with the public rights, and may maintain actions accordingly. (2 Dillon on Munic. Corp. [3d ed.] §§ 663, 687; *Jackson* v. *Hathaway*, 15 Johns. 447; *Trustee of*

*Presb. Soc.* v. *A. & R. R. R. Co.*, 3 Hill, 567; *Milhan* v. *Sharp*, 15 Barb. 193-210; *Fisher* v. *City of Rochester*, 6 Lans. 225; *Niagara Falls S. B. Co.* v. *Bachman*, 4 Lans. 523.)

*William Sullivan* for respondents. A reasonable public use of land taken for a public way includes more than the mere right of travel. It includes also, all the powers and privileges incident to the right of way, such as the right to utilize, for the purpose of making or repairing the street, whatever materials may be found within its limits, whether above or beneath the surface. (*Griffin* v. *Martin*, 7 Barb. 297; *Hardenburg* v. *Lockwood*, 29 id. 9; *City of New Haven* v. *Sargent*, 9 Am. Rep. 360; 38 Conn. 50; *Bissell* v. *Collins*, 15 Am. Rep. 217; 28 Mich. 277.) Where the enjoyment of a public easement in land is permanent and perpetual, as in the case of land taken for a public street, the compensation awarded to the owner is estimated at the full value of the land itself, and, consequently, the public are entitled to the beneficial use and enjoyment of the land, for the purpose for which it was acquired, and the owner of the mere naked fee, as against the public, has no possessory right to the land. There cannot be any conjoint occupation of the owner and the public, as between him and the public, the value of his estate in the land is merely nominal. (*Murray* v. *County Com'rs*, 12 Met. 457; Cooley's Const. Lim. [5th. ed.] 683; *In re Com'rs of Central Park*, 54 How. 313; *De Peyster* v. *Mali*, 27 Hun, 441, 442.)

FINCH, J. The constitutional question in this case has been decided against the appellant in *Hubbard* against the same defendants, which respected the laying out and opening of the same street or avenue involved in this appeal.

But a further question not in that case is raised in this. The findings of fact establish that the grade of the avenue was fixed and a contract for its construction made with one Curran. By the terms of that contract he was required to cover the roadway to a depth of fifteen inches with gravel,

hard-pan or other materials approved by the commissioners. The land within the road lines crossing plaintiffs' premises was higher than the grade fixed and required a removal of the earth to the depth of such grade and possibly fifteen inches below it. The contractor not only removed this material above grade and used it upon the avenue for the purpose of filling and construction, but he dug pits in the roadway to a depth of six feet below the grade in order to get gravel with which to perform his contract without paying for it, and it is found that these pits thus made are "intended and required" to be filled up again with earth before the avenue is completed. The complaint alleges that the pits were dug on "the sidewalk" of said avenue, and the answer admits that "the gravel pits of which the plaintiffs complain have been dug for the purpose of obtaining gravel to be used on the roadway." It is conceded that the public took only an easement for a street or avenue over the plaintiffs' premises, and that they retained the fee in that part of the land on which the pits were dug. The justification which has succeeded goes upon the ground that the acts complained of were embraced in the easement and authorized by it. The question involved was properly raised by exceptions. The courts have held that where, to reach and prepare the surface of the road in accordance with its grade line, superincumbent material is necessarily removed, it may be used upon other parts of the road and on the premises of other land owners, and that where there has been no negligence in construction consequential injuries necessarily resulting cannot be recovered. It was said in *Pumpelly* v. *Green Bay Company* (13 Wall. [U. S. Sup. Ct.] 166, 181), that this class of decisions "have gone to the uttermost limit of sound judicial construction" and "in some cases beyond it." The observation was just. To take merely an easement in land leaving the fee in the owner, and then, by advancing stages of judicial endurance, sap the value and utility of the fee by adding its benefits to the easement is scarcely consistent with a policy which is at the same time sedulously protecting the rights of abutters, having no fee in the street whatever,

to their easements of light and air and access. It is perfectly well settled that in a case like the present the public acquire only a right of way with the powers and privileges *incident* to that right (*Jackson* v. *Hathaway*, 15 John, 447, 452), and that the owner of the fee retains his exclusive right in all mines, quarries, springs of water, timber and earth for all purposes not incompatible with the right of way. The question in every case turns upon what is "incident" to the construction or maintenance of the right of way. In *Higgins* v. *Reynolds* (31 N. Y. 156), stone was taken from the limits of a highway and its value recovered. In *Niagara Falls Suspension Bridge Company* v. *Bachman* (4 Lans. 523), it was said that gravel might be removed to other parts of the road, but it is quite apparent that this was gravel necessary to be removed in order to get the highway to its grade. In *Fisher* v. *City of Rochester* (6 Lans. 225), the work done was the construction of a sewer and the contractor used stones excavated from within the street limits. It was held that they belonged to the land owner. In *Kenney* v. *Williams* (14 Barb. 629), the owner of the fee took away sand from within the limits of the highway but without injury to the public right of travel and his action was sustained. In *Denniston* v. *Clark* (125 Mass. 216), the gravel removed was a bank above the grade necessary to be cut through and such as afterward from natural causes fell down from the side slopes and filled the ditches which it became necessary again to open. These are the cases cited by the General Term. None of them sustain the conclusion reached. Those which are not adverse justify only the taking of earth or soil which the process of construction or repair requires and necessarily compels to be removed. I have found no case in this State which goes further, and am unwilling to pass beyond those limits. Here the pits were dug to be filled again. Concededly the process was to take from the land owner valuable material and substitute a poorer quality. Digging the pits was not only no incident necessarily or naturally growing out of construction but a deliberate destruction of the grade when reached and which did not

need to be disturbed, but, on the contrary, compelled replacement and repair of the mischief done.  Of the two cases cited from other states one goes no further than we here concede to be just. (*City of New Haven* v. *Sargent*, 38 Conn. 50.) The court is careful to speak of the soil taken as that " which must necessarily be removed by some one in grading the street."   The other, *Bissell* v. *Collins* (28 Mich. 277), seems to go further because the " major portion of the gravel was taken from below the grade of the street."   The report of the case furnishes no details, and it may be that the gravel removed was loosened and made superfluous at the point of removal in the ordinary process of grading.   If it goes further we do not think its doctrine should be followed.

The cases which hold that the fee in a highway devoted to the perpetual easement of the public use is of only nominal value, need not be considered.   If such value is in any case a question of law which the court may determine, the smallness of the value does not justify a seizure of the fee without due and lawful authority or its destruction by indirect rulings.   No invasion of the property rights of the citizen can safely be deemed trifling.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

All concur except RUGER, Ch. J., and EARL, J., not voting.

Judgment reversed.