### CUNNINGHAM v. FITZGERALD.

*(Supreme Court, General Term, Fifth Department.  January 22, 1892.)*

INJUNCTION—CHANGING GRADE OF STREET—ABUTTERS.

Defendant, the proprietor of a tract of land which had been platted in lots fronting on both sides of a public street, sold a lot to plaintiff, and afterwards, without any ordinance or public authority, attempted to lower the grade of the street in front of plaintiff's lot, thereby to reclaim for public use other property of defendant. *Held* that, as plaintiff owned to the middle of the street, he was entitled to an injunction.

Appeal from judgment on report of referee.

Action by John T. Cunningham against John M. Fitzgerald. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*John Van Voorhis,* for appellant.  *E. A. Sutherland,* for respondent.

MACOMBER, J. This appeal was brought to restrain the defendant from lowering the grade of a highway in the village of Charlotte, called "St. Johns Park," and to recover damages for the digging and excavation therein, already made by the defendant in front of the plaintiff's premises. The learned referee has made a report, in which he finds that the damage already suffered by the plaintiff is the sum of $50, and, further, that the defendant should be restrained from carrying out his purpose to lower the grade of the street. Judgment was accordingly entered upon such report, and from that judgment this appeal is taken.

Prior to the year 1884, this street, which was then known as "Hughes Park," had been laid out and extended through the village of Charlotte, running east and west, and upon each side thereof there had been platted lots fronting on the street, and properly numbered, in accordance with a map filed in the office of the clerk of the county of Monroe. Afterwards the defendant bought this tract of land, and then sold to the plaintiff lot No. 18, by a warranty deed in which the land was described as being part of lot No. 30 in the town of Greece, designated on the map, being 50 feet front on the north side of the park and extending back of equal width 125 feet. The deed contained a provision that the lot should bear its just proportion of maintaining the park. The plaintiff immediately entered into possession of this property, and has continued to occupy it since that time. When the plaintiff purchased this lot, the road-way had been improved to some extent by being scraped up towards the middle thereof from the sides, leaving a shallow gutter upon each side of the park or street, presenting a uniform grade from the original highway, known as the "Boulevard," east to about the east line of the plaintiff's premises. It is shown that the defendant, after selling this lot, and not for the purpose of improving the street or park, but for the purpose of reclaiming for public use certain other premises to which this park or street leads,

began the excavation in question, and, except for the preliminary injunction, he would have so excavated in front of the plaintiff's premises several feet, rendering access thereto difficult, and materially injuring the value thereof. No ordinance or other public authority for such change of grade is shown to have been given to the defendant. Under these facts, the conclusion of the learned referee that the plaintiff is entitled to an injunction restraining the prosecution of such work was correct, and is well supported by authority. The plaintiff's title extended to the middle of this street or park. *Perrin* v. *Railroad Co.*, 36 N. Y. 120; *Story* v. *Railroad Co.*, 90 N. Y. 122. Such being the case, the proprietor or the owner of this tract of land had no right to change the grade of the street without the consent of abutting owners, or without the authority of some public statute or ordinance. *Robert* v. *Sadler*, 104 N. Y. 229, 10 N. E. Rep. 428. A discussion of the facts further than is involved incidentally in the foregoing remarks would not be profitable, for in reality there is very little conflict in the evidence. But if there were a conflict in the evidence, and it was claimed that different conclusions should be drawn therefrom than those of the referee, we should hesitate to differ from the results reached by him, because, under stipulation of the parties, the referee, accompanied by them and their counsel, took an actual view of the premises in question. The referee consequently was put in a place of advantage upon the facts by his personal inspection of the premises which the court on appeal does not possess. Upon any point made arising upon a supposed conflict of evidence we cannot, under these circumstances, properly disturb the conclusion of the referee, as we held in the case of *Crouch* v. *Gutmann*, (Sup.) 10 N. Y. Supp. 275, 32 N. Y. St. Rep. 254, where the principle is shown to be well supported by antecedent authority. There was a manifest error in the printing of the deed in the record, which was corrected on the argument by handing to the court the original conveyance. The referee appears to have tried the case with great care and discernment, and the judgment entered upon his report should be affirmed. All concur.