Filed October 8, 1895.

---

No. 1,895.

ANDERSON *v.* BEMENT ET AL.

HIGHWAY.—*Supervisor.*—*Wrongful to Remove Gravel or Dirt from One Place Merely to Improve Another.*—A road supervisor who digs up gravel or earth from within the limits of a public highway, not for its improvement at that point, nor for the purpose of bringing the highway there to the desired grade, but merely for the purpose of obtaining material for improving the highway at some place remote from the owner's land, commits an actionable wrong.

From the La Porte Circuit Court.

*Weir & Weir,* for appellant.

*M. Nye,* for appellees.

GAVIN, J.—The appellant sued appellee for wrongfully digging up and carrying away his earth and gravel. Appellee answered that he was road supervisor and dug the gravel from within the limits of a certain road, and further averred that he placed it upon another part of the same road within his road district for its repair and improvement.

The court overruled appellant's demurrer to the answer. Its sufficiency is the only question for our consideration.

The appellant founds his claims upon the statements

Anderson v. Bement et al.

of the court in *Turner* v. *Rising Sun, etc., Tp. Co.*, 71. Ind. 547, while appellee insists that the question is "whether the supervisor had the right to work the highway by grading off the nose and depositing the dirt in the low places along the line of said highway?"

The averments of the answer, however, are not sufficient to authorize us to take the question as presented by appellee.

There is nothing to show that the gravel and earth removed were taken to improve or change the grade of the highway at the place from whence they were taken. For aught that appears in the pleading, the supervisor simply opened up a gravel pit on appellant's land within the limits of the highway and hauled out the material for the repair and improvement of the highway at distant points. It is not, in fact, averred that the highway at the place from which the gravel was taken was within appellee's road district.

The pleading does not therefore make the case presented by counsel's question.

As to the right of municipal authorities to take material from within the limits of a highway at one point, not for nor as an incident to the improvement of the highway at that point, but for use upon that or other highways remote from the owner's land, without making compensation therefor, the authorities are at variance.

Some distinction is recognized between the rights of the authorities over streets in towns and cities and country highways. Elliott on R. and S. 523. But we are not now concerned with that distinction, as it tends to give to the public greater rights in streets than in country roads.

In *Bissell* v. *Collins*, 28 Mich. 277, the city officials were held authorized to take gravel from below grade on one street and haul it out to improve another, filling

with less valuable material, the excavation thus made. In line with this case: *Baxter* v. *Winooski Tp. Co.*, 22 Vt. 114; *Adams* v. *Emerson*, 6 Pick. 57; *Huston* v. *City of Ft. Atkinson*, 56 Wis. 350; *Denniston* v. *Clark*, 125 Mass. 216.

In the case last cited it is said that highway, turnpike or railroad officials may "for the purpose of repairing the same highway, turnpike or railroad, take earth, gravel or stones from one part and deposit them on another," and that all the highways within one municipal jurisdiction are, for such purposes, to be regarded as one. That court expressly refused to follow the statements of law (viewed as *dicta*) in *City of Delphi* v. *Evans*, 36 Ind. 90.

The holding of this Massachusetts case is also more or less authoritatively sustained by *Aldrich* v. *Drury*, 8 R. I. 554, which involved a railroad right of way only; *Chapin* v. *Sullivan R. R.*, 39 N. H. 564, of the same character, and *Cole* v. *Drew*, 44 Vt. 49, where the right to the grass was the subject of controversy.

The *City of New Haven* v. *Sargent*, 38 Conn, 50, decides only that the city is entitled to use to grade one street, soil which must necessarily be removed in grading another street.

In *Robert* v. *Sadler*, 104 N. Y. 229, the court of appeals, after reviewing some of these cases with others from New York, declined to accede to the Michigan doctrine, and declared that the municipality could not remove, for use in other places, the gravel, etc., from within the boundaries of the highway, where this removal was not necessary to nor intended for the establishment of the proper grade on that part of the highway.

In *Ladd* v. *French*, 6 N. Y. Supp. 56, we have a case quite similar to the one in hand decided adversely to appellee. *Cotanch* v. *Grover*, 57 Hun, 272, follows the

leading New York case. *Rich* v. *City of Minneapolis*, 37 Minn. 423; *Viliski* v. *City of Minneapolis*, 40 Minn. 307, and *Mayor, etc.*, v. *Hill*, 58 Ga. 595, are to the same effect, while *Smith* v. *City Council of Rome*, 19 Ga. 89, seems to go still further.

In Indiana the owner of the lands adjoining a highway is ordinarily the owner of the fee of the highway subject to the easement of the public.

In *City of Delphi* v. *Evans, supra*, it is said: "The common council of a city has the undoubted right to establish the grade of a street, and may cause the same to be excavated at one point and filled at another; and the earth, gravel, or stone excavated at one point may be used in making a fill at another point in the said street. But the real and substantial question in the case under consideration is this: Had the common council the power to order or direct the cutting down of Frank street for the purpose of obtaining dirt or gravel with which to fill up Washington street? We think they possessed no such power."

In *Turner* v. *Rising Sun, etc.*, *T. P. Co.*, *supra*, it is decided that although by a lawful appropriation a public highway had become the property of the turnpike company for the purpose of maintaining and constructing its road thereon, with a statutory provision authorizing it to take from the land so occupied stone, gravel, etc., for the road's construction, yet under the law it could not open a gravel pit in the highway and haul out the gravel generally upon its road without compensating the land-owner therefor. It is further said that a road supervisor could not rightfully thus interfere with the rights of the owner of the fee.

In *City of Aurora* v. *Fox*, 78 Ind. 1, it is declared by Elliott, J., after some criticism of *City of Delphi* v. *Evans* as to effect of irregularities in the proceedings

making the city a trespasser: ''The right to the soil of the street remains in the owner of the fee, and the municipal corporation has no right to remove it, unless its removal be necessary for the improvement of the street. The removal of the soil for any other purpose than that of improving the street is an actionable wrong." Although ''where there is a general plan for the gradation and improvement of highways, intersecting streets and highways in the vicinity of the one improved are to be deemed parts of the same general plan, and soil may be removed from one and placed upon another." Again in the same case: ''The city, as we have already said, had no right to remove the soil, unless it was necessary for the improvement of the street."

It is doubtless true that some at least of what was said in the city of Delphi and Turner cases may have been mere *dicta*, and not conclusive statements of the law; but, taking all the cases together, we are of the opinion that where a road supervisor digs up gravel or earth from within the limits of a public highway, not for its improvement at that point, nor for the purpose of bringing the highway there to the desired grade, but merely for the purpose of obtaining material for improving the highway at some place remote from the owner's land, the act cannot be regarded as a proper exercise of the municipal power. To justify the supervisor, it is the removal which must be for the improvement of the highway, and not merely the replacing of the material at the remote point. *Vide* Elliott on R. and S. 523; 2 Beach on Corp., section 1145; 2 Dillon on Munic. Corp., sections 687, 688, 689.

We find nothing in sections 6818, 6830 or 6842, R. S. 1894, which gives to the supervisor the power essential to make this answer good.

Judgment reversed, with instructions to sustain the demurrer to the second paragraph of answer, with leave to amend if desired.

Filed October 9, 1895.