KATHERINE E. PLATT, Appellant, *v.* THE VILLAGE OF ONEONTA, Respondent.

*Removal by a municipal corporation of a flagstone sidewalk laid by it, which the abutting owner, having the fee of the street, refused to pay for — liability of the municipal corporation to such owner.*

The owner of the fee of a highway has, in such highway, all the usual rights and remedies of the owner of a freehold, and as such has the exclusive right to the soil and its products, including the herbage and the trees, subject only to the easement or right of passage over it by the public and the incidental right of properly fitting the way for use.

A municipal corporation which, without consulting the abutting owners, lays a permanent flagstone sidewalk upon a street, the fee of which is in the abutting owners, is not entitled to remove the sidewalk in the event of the refusal of the abutting owners to pay an assessment levied upon them to defray the cost of the sidewalk. If it does remove the sidewalk it is liable to the abutting owners for the damage sustained by them in consequence of the removal.

APPEAL by the plaintiff, Katherine E. Platt, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Otsego on the 30th day of December, 1902, upon the decision of the court rendered after a trial at the Otsego Trial Term, the jury having been discharged, dismissing the complaint upon the merits.

*J. Lee Tucker* and *Albert C. Tennant,* for the appellant.

*Douglas W. Miller,* for the respondent.

CHASE, J.:

One Andrew H. Platt was the owner of lands along the south side of Chestnut street in the village of Oneonta, which had a frontage on said street of 263½ feet. He also owned the fee of the street in front of said lands to the center of said street. On June 20, 1898, the trustees of said village passed a resolution directing that a sidewalk be laid along the south side of said Chestnut street. Said Andrew H. Platt then had a gravel sidewalk within the bounds of said street, immediately in front of his abutting property. Soon after said resolution was passed the defendant caused to be laid in a permanent manner a stone flag sidewalk along the front of said property and within the bounds of said highway.

Andrew H. Platt died, leaving a will which was duly probated,

and letters testamentary were duly issued to the executors named in said will. An assessment of $115.67 was made against said property for said walk, and a notice was served on said executors that the trustees would meet on a day and place named for the purpose of hearing any and all objections to said taxes and assessment. At the time and place so stated said executors appeared by counsel and objected to said assessment on grounds specifically stated. The assessment has not been paid. On the 16th day of February, 1899, said real property was sold by said executors at auction and the same was purchased by the plaintiff, and she received the deed therefor, which included a provision as follows : " The same is conveyed subject to any claim the village of Oneonta may have against said lands for sidewalk taxes or assessments."

On the 4th day of December, 1899, a resolution was passed by said board of trustees directing their clerk to notify each of the parties on Chestnut street who had failed to pay their assessments for laying the said walk on the southerly side of said street that unless the taxes for said walk were paid at once the walk would be taken up. The plaintiff, seeing a report of said meeting in the local papers, immediately served a notice upon said board of trustees forbidding them from removing said stone walk in front of and adjacent to her property. On June 18, 1900, a resolution was passed directing the street commissioner of the defendant to remove the walk on Chestnut street and lay the same on Cliff street and West street in said village. Thereafter the street commissioner removed the stone from the walk in front of the plaintiff's premises and appropriated the same to the use of the defendant. The ground into which said stones were embedded was left in the condition that it was in after said stones were taken up and removed. The plaintiff then brought this action to recover damages for taking up and removing said stones.

The defendant is incorporated by special charter (Laws of 1885, chap. 30). By said chapter it is provided : " The board of trustees shall have the exclusive control and management of all the finances and property of the village and of the roads, streets, avenues, alleys and public places of the village. * * *." (§ 26.)

" * * * The expense of any sidewalk, guttering and curbing

shall be borne one-third by the corporation and two-thirds by the property owners adjacent thereto on the side of the street where the same is laid. * * * ." (§ 33.)

"The trustees shall decide when and where all public improvements shall be made and all work on streets, side and crosswalks, paving, sewers, drains and all public works shall be done by and under the direction of the board of trustees and when once completed shall each and all be kept in repair by the corporation at the public expense." (§ 34.)

Other sections of said charter provide for the collecting of assessments upon property owners for the construction of sidewalks, etc. And it is also provided that any taxes or assessments which remain unpaid for thirty days after the final return of the warrant may be collected by suit against the party liable to pay such taxes. (See §§ 54, 36 as amd. by Laws of 1890, chap. 288.)

At common law the owner of the fee over which a highway is laid has all the usual rights and remedies of the owner of a freehold and as such has the exclusive right to the soil and its productions, including the herbage and trees, subject only to the easement or right of passage over it by the public and the incidental right of properly fitting the way for use. (Elliott Roads & Streets, 519; *Edsall* v. *Howell*, 86 Hun, 424; *Robert* v. *Sadler*, 104 N. Y. 229.)

Kent in his Commentaries (Vol. 3 [14th ed.],* 432) says: "The presumption is that the owners of the land on each side go to the centre of the road and they have the exclusive right to the soil subject to the right of passage in the public. Being owners of the soil they have a right to all ordinary remedies for the freehold."

In *Jackson* v. *Hathaway* (15 Johns. 447) the court say: "Highways are regarded in our law as easements. The public acquire no more than the right of way with the powers and privileges incident to that right; such as digging the soil and using the timber and other materials found within the space of the road, in a reasonable manner, for the purpose of making and repairing the road and its bridges. When the sovereign imposes a public right of way upon the land of an individual the title of the former owner is not extinguished, but is so qualified that it can only be enjoyed subject to that easement. The former proprietor still retains his exclusive right in all mines, quarries, springs of water, timber and earth for every pur-

pose not incompatible with the public right of way. The person in whom the fee of the road is may maintain trespass or ejectment or waste."

In *Gidney* v. *Earl* (12 Wend. 98) the plaintiff, the owner of the fee of a highway, recovered a judgment against a person who took some of the soil therefrom and deposited it in his garden.

In *Fisher* v. *City of Rochester* (6 Lans. 225) a sewer contractor took and applied to his own use stone which he excavated in preparing to build the sewer. The court say : " As I understand the case, the owners of the lots on each side of the street own to the centre of it. The stone and earth within the limits of the street are the property of the individual owners and not of the city. It has no interest whatever in such property. Each owner may, I suppose, collect the value of the stone taken from his lot."

In *Higgins* v. *Reynolds* (31 N. Y. 151) the plaintiff recovered for stone taken by the defendant from a highway the fee of which was owned by him, and the court say : " The title of the owner, subject only to the easement, remains perfect not only to the land covered by the highway but to all the material within its boundaries, except such as may be needed to build or to maintain the road."

In *Niagara Falls Suspension Bridge Co.* v. *Bachman* (4 Lans. 523) it is held that trees necessarily cut down, but not necessary to be used, in fitting the street for use by the public belong to the owner of the soil.

In *Deverell* v. *Bauer* (41 App. Div. 53) it is held that the title to stone taken from a sewer trench dug in the center of the street is in the owners of the fee of the street and that a person owning to the center of the street can recover for one-half of the stone taken and removed therefrom.

In *Folmsbee* v. *City of Amsterdam* (142 N. Y. 118) it appeared that the defendant had caused the street adjoining the plaintiff's lots to be cut down several feet without proceeding therefor in the manner provided by statute, and the court held that as the work was not done by authority of law the defendant was responsible to plaintiff for his damages, and the court say : " Where the title of the abutting owner extends to the center of the street, whoever without authority of law, illegally and wrongfully excavates or otherwise interferes with the street is responsible to him for the damages."

When stone flags are embedded in the soil by a person with the intention of using the same permanently as a walk on real property they become a part of such real property. A sidewalk has always been regarded as an appendage to and a part of the premises to which it is attached. (2 Smith Mod. Mun. Corp. 1198.)

The defendant having placed the stone flags upon such street in front of and adjoining the plaintiff's lots for the purpose of making a permanent sidewalk thereon, they became a part of the plaintiff's real property. These stones so made a part of the plaintiff's real property should have remained thereon subject as is all of the plaintiff's real property within the bounds of said street to the easement of the public therein. The defendant by express statute has control over the same and the duty is imposed upon it of keeping the same in repair.

If the defendant had removed the stone flags as a part of a general plan by which the sidewalk was to be changed in the public interest and for the purpose of immediately replacing the same with other materials of equal or greater value a different question would be presented.

Municipalities doubtless have the right to remove property placed by them in streets for temporary use, and it has been held that they may carry away the materials of a sidewalk when a better walk is substituted in its place. (*Snyder* v. *City of Lexington*, 20 Ky. L. Repr. 1562 ; 49 S. W. Rep. 765.) Such a right may be incidental to the duty of repairing the walk.

The removal of old materials when changes are made in a street is very different from the removal of stones permanently embedded in the soil as a sidewalk simply because the abutting owner has failed to pay an assessment therefor. If the assessment made by the defendant was legally made, it should collect the same. If it was not legally made the plaintiff is not chargeable with any negligence in relation thereto.

Neither the plaintiff nor her predecessors in title ever asked to have the defendant lay the stone walk or joined in any petition therefor. So far as the plaintiff is concerned, the stone walk was laid by the defendant voluntarily and deliberately, and we do not see how any question of contractual relation exists between the plaintiff and the defendant.

*Rogers* v. *Randall* (29 Mich. 41) is an action for trespass for

taking up and removing a plank sidewalk built by the side of the plaintiff's lot. The court say: "Whether it was prudent or expedient for the village to lay down the walk at its own expense is wholly immaterial. Having done it, it was no more removable, as the private property of the corporation, without the plaintiff's consent, than would have been a building firmly erected voluntarily and purposely by the village on the plaintiff's lot. The walk on being designedly and regularly laid down and attached and made a part of the way, became appurtenant to the lot, and the plaintiff, as owner of the lot, became invested with a property right in the walk, no matter where the naked fee of the land burdened by the easement resided. The public had the right of use and the local authorities were entitled to exercise the powers of control and supervision appropriate to public walks and ways, and were entitled to resort to whatever remedies the law affords to raise the expense."

In the case before us the fee of the street on which the walk was laid was concededly in the plaintiff. The stones were not removed by the defendant in the exercise of any right given to it by statute either expressly or impliedly, and it should pay the damages for removing them. (*Schuchardt* v. *Mayor, etc.*, 53 N. Y. 202.)

The respondent contends that the case of *Attorney-General* v. *Boston* (142 Mass. 200) is an authority against the plaintiff's contention. In that case it appears that the street was paved and that on the side thereof was a walk and the board of aldermen of the defendant directed that the superintendent of streets remove the sidewalk and pave that portion of the street covered by said walk so as to conform the same with adjoining parts of the street. The court, upholding the right of the defendant to remove said sidewalk, says: "If the removal of the sidewalk and also the repaving of that portion of the street were necessary, they were *acts in the nature of a repair of the way*." This determination in no way conflicts with the claim of the plaintiff herein.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.