12784

SIMS v. CHARLESTON & W. C. RY. CO.

(150 S. E., 890)

*Messrs. Thompson & McConnell,* for appellant. 

*Messrs. Nicholls, Wyche & Byrnes,* for respondent, 

December 13, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This case was tried before Hon. P. D. Barron, special Judge, at the March, 1928, term of Court for Spartanburg county.

It appears from the record that in the year 1925, pursuant to a general program of improvement, the defendant began the process of raising the grade of its road at several points along its line between the cities of Spartanburg and Laurens. At one point, its right-of-way, which extends 100 feet in each direction from the center of the track, passes over the lands of the plaintiff. In raising its grade at a place known as Arkwright Mills, one-half mile from and

beyond plaintiff's lands, it became necessary to procure elsewhere earth, dirt, and building material.. The defendant therefore excavated approximately 7,800 cubic yards of earth and dirt from a strip of land 30 feet wide and 480 feet long within its right-of-way through the lands of the plaintiff, and used such material solely for raising its grade at Arkwright Mills and adjacent points. This action was brought by the plaintiff for damages alleged to have been suffered by him by reason of the excavation and removal of the dirt, covering the value of the materials taken and the resulting damage to the remaining portion of his property.

At the proper time during the trial of the case, the defendant made a motion for a directed verdict, on the grounds that the company, under its deed to the right-of-way through plaintiff's land, had the right to remove dirt and building material from such right-of-way and to use same for railroad purposes at any point along its line; and that, if the deed could not be so construed, in any event the company had the right to so remove and use such dirt and building material when this became reasonably necessary in the building, repairing, or maintenance of its road; and that the company is the judge of such necessity.

The Court granted the motion, holding that the deed of conveyance upon which the company relied gave it no greater rights than it would take under condemnation, but that under either "the railroad would have the right to remove dirt from one point to another and off from the particular piece of land where the railroad runs for the construction of the roadbed." He also held that the testimony showed conclusively that the excavation and removal of the dirt was not only necessary for the building up of the grade at Arkwright Mills, but was also necessary and advisable so far as the safety of certain crossings over the defendant's road, on or near plaintiff's land, was concerned.

· The main appeal raises two questions: (1) When has a · railroad company the right to remove earth or dirt excavated from its right-of-way passing over the lands of a particular owner and use the same elsewhere? (2) Was it proper under the testimony in this case to direct a verdict for the defendant?

*As to the first question:* It has been held that a railroad company has the right to use dirt or earth, excavated from its right-of-way, for the construction and maintenance of its road at any point through the property of the landowner, but that such right extends no further against each owner than the boundary of his land. See note in 45 L. R. A. (N. S.), 798, as to decision in *Hendler v. Lehigh Valley R. Co.,* 209 Pa., 256, 58 A., 486, 103 Am. St. Rep., 1005. The general rule, supported by the great weight of authority, is that if it is necessary to remove material, such as earth or dirt, in the construction of the road on its established grade, or in changing the grade of a right-of-way, such material may be used by the company even on other parts of the road; but that, in the absence of such necessity, the company has no right to remove the earth simply for use elsewhere. See *Hendrix v. Southern Railway,* 162 N. C., 9, 77 S. E., 1001; *Chapin v. Railway Company,* 39 N. H., 564, 75 Am. Dec. 237; *Cleveland, C., C. & St. L. R. Co. v. Hadley,* 179 Ind., 429, 101 N. E., 473, 45 L. R. A. (N. S.), 796.

*As to the second question:* The defendant's road had been long previously constructed through the lands now owned by plaintiff; and there was no testimony tending to show that the excavation and removal of the dirt now complained of was done for the purpose of changing the established grade of the road through such lands. But defendant offered as justification for such action that it was necessary for the promotion of safety in the operation of its road by improving the view to two public crossings on or near plaintiff's lands. Testimony making this issue was

admitted without objection. But even on this issue, a directed verdict for the defendant was not proper, for the reason that there was testimony, brought out on cross-examination of defendant's witnesses, tending to show that the excavation and removal were made solely to obtain dirt and earth for the purpose of raising the grade of the road at Arkwright Mills, beyond the boundary of plaintiff's lands.

The trial Judge also erred in his order settling the case for appeal, in refusing to allow the appellant to have printed in the record testimony offered by him tending to show that the excavation and removal of the dirt were not necessary for the maintenance or improvement of the road through plaintiff's land, but were done solely to procure dirt for use elsewhere. Any such testimony was pertinent and should have been printed as a part of the record for appeal.

Judgment reversed, and case remanded for a new trial.

Mr. Chief Justice Watts and Messrs. Justices Blease and Carter concur.

Mr. Justice Cothran dissents.

Mr. Justice Blease (concurring) : In answer to Mr. Justice Cothran's inquires as to what the railroad can do to relieve itself of the situation surrounding it, I suggest that it can do what other persons, firms, corporations, and companies could and should do under similar circumstances —make proper arrangements as to the dirt with, and pay proper compensation to the owner of the land.

Mr. Justice Cothran (dissenting) : This is an action for damages alleged to have been sustained by the plaintiff, in consequence of the removal by the railroad company of a quantity of earth from the land of the plaintiff which was subject to an easement of right-of-way conveyed to a predecessor of the railroad company by a predecessor in the title of the plaintiff. The excavation and removal of the earth were made upon and from the land included within the railroad company's right-of-way.

The statement in the opinion of Mr. Justice Stabler, which I reproduce below, is not quite as full as it should be. It is declared: "It appears from the record that in the year 1925, pursuant to *a general program of improvement*, the defendant began the process of *raising the grade* of its road at several points along its line between the cities of Spartanburg and Laurens." (Italics added):

I think that the record shows that the "general program of improvement" included a great deal more than simply "raising the grade"; that it included also straightening the line in many places, reducing the curves, widening cuts, extending fills, and removing obstructions to the view of both travelers upon the highway at railroad crossings and operators of the trains, a very extensive "program of improvement," at a cost of several hundred thousand dollars; the purpose being to lower the cost of operation and to insure greater safety in operation.

At a particular point on the line, near Arkwright Mills, it appeared expedient and necessary to raise the grade, as a factor in the general plan of improvement, and to lessen the danger from two crossings near there; and in order to do this earth had to be obtained from the nearest and most available land which was the plaintiff's. The line through his land passed in a narrow cut and on a curve approaching a highway crossing.

The gist of the plaintiff's contention is that in the exercise of its rights under the easement conveyed, the railroad company did not have the right to remove any part of the earth upon the right-of-way except for the purposes of the company immediately connected with the line upon his land; that it did not have the right to remove the earth and carry it to some other point upon the line even if there used for railroad purposes. This I understood to be the conclusion announced in the opinion of Mr. Justice Stabler.

I think that so far as the issues presented in the present appeal are concerned, there are two insurmountable objections to the correctness and application of this principle.

In the first place, as I read them, the overwhelming weight of authority, text-writers and decided cases, supports the defendant's contention that so long as earth, excavated upon the right-of-way, is used by the railroad company, for railroad purposes, *upon any part of its line,* the company is within its rights in removing it.

*In the second place,* the evidence is susceptible of no other conclusion than that, in addition to the legitimate use of the earth at another point for railroad purposes, the immediate *locus* was made by the excavation, safer for highway travelers and the operation of trains, to both employees, passengers, and freight being transported.

In 1 Nicholls, Em. Dom. (2d Ed.), § 195, it is said: "The railroad company is entitled, as an exercise of its easement, to remove earth, gravel, stone and timber from any part of its location for the purpose of grading, constructing or repairing its roadbed, and it may cut the trees so as to give its engineers an unobstructed view or to diminish the danger of fire, or when they interfere with the construction or operation of any of the appurtenances of the railroad, such as a telegraph line used in connection with the railroad. *It may carry the material from one part of the roadbed for use on another;* but it has no absolute ownership thereof; the company can use it only for railroad purposes and cannot lawfully sell it to others. So also the company is entitled to use water from springs within its location for generating stream in its engines."

In 2 Elliott, R. R. (3d Ed.), § 1222, it is said: " * * * and, even where only an easement is taken, the company ordinarily acquires a right to take so much of the earth and materials within the right-of-way as may be reasonably necessary to remove in constructing and repairing its roadbed and *to use it at other points on the road.*"

In note 72, citing *Cleveland, C., C. & St. L. R. Co. v. Hadley,* 179 Ind., 429, 101 N. E., 473, 45 L. R. A. (N. S.),

796, the author adds: "There is some slight conflict among the cases upon the subject, but, as shown in the note above referred to, this is the prevailing and better rule."

In 2 Lewis, Em. Dom. (3d Ed.), § 849, it is said: "It has been held that the company has a right to use the timber and materials so far as necessary for the construction and repair of its roadway, but that it cannot sell or otherwise dispose of them merely for profit. The company may remove timber or materials in so far as may be necessary to construct or to safely and conveniently operate the road. But the company may not sell or otherwise appropriate to its own use such materials except for the construction and repair of its road."

In 10 R. C. L., 120, it is said: "It may use as much of the earth, gravel and stone within the location as it may need for the construction and maintenance of the road, *and it may carry the same from one point to another on the road as these uses may require;* but it has no right to sell such material to third persons."

In 20 C. J., 590, it is said: "So a railroad company having acquired a right-of-way is entitled to use so much of the timber, earth, gravel, stone and other materials thereon as may be necessary for the proper construction or repair of its roadway, *either in adjacent localities or elsewhere.* * * *"

In *Cleveland, etc., R. Co. v. Hadley,* 190 Ind., 429, 101 N. E., 473, 477, 45 L. R. A. (N. S.), 796, the Court said: "In the absence of any limitations by statute or the condemnation proceedings a railroad company, although it takes only an easement, acquired by the appropriation, the absolute right to take so much of the earth and materials within the width and length of the right-of-way as it may be necessary or convenient to remove in constructing and repairing its road bed *and use it at other points.*

In *Kelly v. Donahoe,* 2 Metc. (Ky.), 482, is was held that a turnpike company, having the right under their

charter to make such excavations, fills, and embankments as the proper construction of their road, according to its prescribed grade and width, renders necessary, may, as incidental to this right, lawfully quarry and remove stone and earth from one point to another within the lines of the road, and from the lands of one person to the lands of another; but they have no such right to the quarries and soil under and within the space occupied by the road, for the purposes of repairing it, although the road upon which the turnpike was built may have been used by the public for more than 20 years as a public highway.

In *Davidson v. R. Co.* (Tex. Civ. App.), 194 S. W., 211, 214, the Court said: "The appellant, however, seems to be of the opinion that the railway company could not use any part of the sand or dirt on this right-of-way at any point on its railroad, or for any purpose connected with its business as a railroad company, save and except to the extent of using the same in connection with its track over that portion of the right-of-way within the limits of the easement. We do not think this is the proper construction to be placed upon appellee's rights under the law of this state, and therefore overrule this contention, and hold that the Court was correct in instructing a verdict in favor of appellee as against appellant on his cross-action."

In *Wilson v. R. Co.*, 17 Pa. Dist., 151, the Court held: "The general principle seems to be that when it is necessary to remove material, such as earth, in constructing the road on its established grade or changing the grade over a right-of-way, such material may be used by the company *even on other parts of the road.*"

In *Nashville, C. & St. L. Ry v. Karthaus*, 150 Ala., 633, 43 So., 791, 793, the Court said: "But, * * * while it entitles the company to use the earth, gravel and stone within their location for all railway purposes, it does not entitle them to sell any such material."

In *New Orleans, B. R., V. & M. R. Co. v. Brown,* 64 Miss., 479, 1 So., 637, the syllabus is: "A railroad company, having acquired a right-of-way by condemnation proceedings, has a right to make excavations thereon for the purpose of obtaining dirt for surfacing its road-bed; and the company is not liable in damages to an adjacent property owner by reason of the unsightliness of his plantation, or its supposed unhealthliness from standing water, or the inconvenience of crossing over caused by the pits made in such excavations."

In *Aldrich v. Drury,* 8 R. I., 554, 5 Am. Rep., 624, the syllubus is: "A railroad company, or any contractor employed by them to build a railroad, may use any material removed by them in grading the road, either in the adjacent or, it seems, in other localities, but they have no right to sell such material to third parties."

In Lewis, Em. Dom. (3d Ed.), § 849, it is said: "Most of the earlier authorities and some of the later ones apply the same rules to railroads as to highways, in determining the respective rights of the owner of the easement and the owner of the fee."

In *New Haven v. Sargent,* 38 Conn., 50, 9 Am. Rep., 360, it was held that where a city laid out a new street across defendant's land, which it condemned for that purpose, the city was entitled to the filling extracted from that part of the street abutting plaintiff's property, with which to fill a hollow in another street, without rendering further compensation to the owner than that adjudged in the comdemnation proceedings.

In *Bissell v. Collins,* 28 Mich., 277, 15 Am. Rep., 217, it was held that a city is entitled to take material found within the limits of a street, and distribute it to improve its streets within the city limits, without rendering compensation to the abutting property owners for its removal.

In *Robert v. Sadler,* 104 N. Y., 229, 10 N. E., 428, 58 Am. Rep., 498, it was held that where land is taken for a

highway, soil may be removed from one point therein, to be used in filling at another point, only so far as the removal of it is necessary for the process of construction and repair; and the digging of gravel from the bed of a road below grade for use on the surface, with the intention of filling with less valuable earth, is a violation of the abutter's rights.

The cases cited by Mr. Justice Stabler as sustaining his conclusion, are: *Hendrix v. R. Co.,* 162 N. C., 9, 77 S. E., 1001; *Chapin v. R. Co.,* 39 N. H. 564, 75 Am. Dec., 237; *Cleveland, C., C. & St. L. R. Co. v. Hadley,* 179 Ind., 429, 101 N. E., 473, 45 L. R. A. (N. S.), 796.

The *Chapin case* may be quickly disposed of. There the Court said: "It may not, however, be improper to state our decided impression, that, in such case, the railroad might and would have been entitled to employ the whole or any portion of the earth, stone and gravel excavated on one portion of the line in the proper construction of any other portion thereof."

The *Hadley case* sustains the contention of the defendant, as appears from a quotation from the opinion of the Court in that case set out above.

In addition to these three cases, two of which sustain the contention of the defendant, Mr. Justice Stabler refers to a note to the *Hadley case* in 45 L. R. A. (N. S.), at page 797, which discusses the case of *Hendler v. R. Co.,* 209 Pa., 256, 58 A., 486, 103 Am. St. Rep., 1005. The *Hendler case,* I concede, sustains the contention of the contention of the plaintiff, but it and the *Hendrix case* are the only two cases I have encountered which do so.

The *Hendrix case,* in the bald conclusion of the Court, sustains the plaintiff's contention. The opinion was upon a demurrer and the declaration is without comment, reasoning or citation of a single authority.

I think that for the second reason above stated the circuit Judge was in right in directing a verdict for the defendant.

Assuming that my conclusion above is erroneous. I think that the evidence is susceptible of but one inference, that the excavation was justifiable by reason of the peculiar situation presented where the line passed through the land of the plaintiff, and if there was nothing in the case which would otherwise justify the excavation and removal in the extended program at heavy cost, this was enough. The line passed through a deep and narrow cut; just beyond it was a highway crossing, as every one knows presenting a dangerous situation for both travelers and train operators. Can it be conceived that in case of a collision this situation would not have been presented to the jury, not only as evidence of maintaining a dangerous condition, but in exoneration of the contributory negligence of the traveler? Then what is the railroad company to do? Leave it in that condition and take the chances of a verdict against them, or remove the obstructing banks or sides of the cut? If that be their duty, what will be done with the excavated earth? They cannot put it back on the land owner; they cannot remove it to some other part of their railroad line, else they will have to defend just such a lawsuit as this.

There were but two witnesses for the defendant. I have read and re-read the cross-examination of both of them and have failed to find anything to sustain the conclusion that it raised an issue as to the reasonable necessity of widening the cut.

I think therefore that the judgment entered upon the directed verdict should be affirmed.