Robert E. White, Esq. Town Attorney, Brighton
I am writing in response to your request for an Attorney General's opinion as to the ownership of material located inside the bounds of a town highway.
Your letter notes that the town highway superintendent often has occasion to cut trees and remove soil from within the bounds of a town highway. You have asked whether the owner of the property adjacent to the highway owns the soil and material being removed or whether the town owns this material.
The town's authority to remove material from within the bounds of a town highway depends upon the nature of the town's ownership of the right-of-way. If the town does not own the fee to the roadbed outright, but has instead an easement, its right to remove material is limited. InRobert v Sadler (104 N.Y. 229 [1887]), the Court of Appeals established this principle:
 "It is perfectly well settled that in a case like the present the public acquire[s] only a right of way with the powers and privileges incident to that right (Jackson v. Hathaway, 15 John, 447 452), and that the owner of the fee retains his exclusive right in all mines, quarries, springs of water, timber and earth for all purposes not incompatible with the right of way" (104 N Y at 233; 26 N Y Jur Highways, Streets and Bridges, § 205, p 371).
The recurring issue, as discussed in Robert, is whether the taking of material from the right-of-way is an incident to the right-of-way:
 "The question in every case turns upon what is `incident' to the construction or maintenance of the right of way. In Higgins v. Reynolds (31 N.Y. 156), stone was taken from the limits of a highway and its value recovered. In Niagara Falls Suspension Bridge Company v. Bachman (4 Lans. 523), it was said that gravel might be removed to other parts of the road, but it is quite apparent that this was gravel necessary to be removed in order to get the highway to its grade. In Fisher v. City of Rochester (6 Lans. 225), the work done was the construction of a sewer and the contractor used stones excavated from within the street limits. It was held that they belonged to the land owner. In Kenney v. Williams
(14 Barb. 629), the owner of the fee took away sand from within the limits of the highway but without injury to the public right of travel and his action was sustained" (104 N Y at 233).
The general rule is that if the material taken from the right-of-way easement is to be used for maintenance or construction of the highway, it is considered incident to the right-of-way, and the owner of the underlying fee need not be compensated for the taking by the municipality for public use (Jones Cut Stone, Inc. v State, 7 Misc.2d 1048, 1051-1052
[Ct of Claims, 1957]; see Town of Clarendon v Medina Quarry Co.,102 App. Div. 217 [4th Dept, 1905]; Platt v Village of Oneonta,88 App. Div. 192 [3d Dept, 1903], affd 183 N.Y. 516 [1905]). In Jones CutStone, the most recent case to deal with the issue, the Court stated the standard in the following way:
 "Where the State does not own the fee, it does not acquire the underlying mineral stone by taking an easement, but, in the construction, reconstruction, maintenance and repair of the highway within the easement acquired, it has the right to take out and use the stone and other material within its right of way" (7 Misc.2d at 1051-1052).
Disposition of material within the town's right-of-way, therefore, depends upon the ownership of the underlying fee. If the town owns the roadbed outright, it can dispose of material removed from it in any way consistent with its powers. An adjacent property owner would have no rights with regard to the town's use of its own property. If the town has only an easement, however, it may only use materials within the easement for road construction and other incident purposes. Co-existing with the municipality's right-of-way, the owner of the underlying fee retains the right to use the property in any way not inconsistent with the public right of way (26 N Y Jur Highways, Streets and Bridges, § 205, p 371). This includes the right to remove soil, minerals or other materials as long as the highway is not affected (Robert, supra). The underlying fee is often, but not always, owned by adjacent landowners.
We conclude that a public right-of-way includes the right to remove stone, soil or other materials for use in maintenance of the highway. The owner of the underlying fee, however, retains the right to fully use and enjoy his property in any manner not inconsistent or harmful to the right-of-way.