TOWN OF CLARENDON, Respondent, v. MEDINA QUARRY COMPANY,
Appellant.

*Highway — right of an abutting owner, owning the fee thereof, to quarry stone
under the surface of the road — under what conditions it may be done.*

In an action brought by a town against a quarry company to restrain the latter
from interfering with a highway in the town, it appeared that the quarry com-
pany owned in fee simple a large tract of land across which the highway
extended, the fee of which highway, subject to the public easement therein, was
owned by the quarry company; that from ten to twelve feet below the surface of
the highway there was a quantity of stone from twelve to twenty feet in thick-
ness; that the length of the quarry along the highway was about eight hundred
feet; that former owners of the quarry had extended their excavations into some
part of the highway and that the defendant intended to continue the excavation
further across the highway and to construct for the purposes of public travel
a temporary public road outside the limits of the highway.   The highway was
four rods in width and was located in the country and was not used by very
many people.

The action resulted in a judgment providing " that the defendant* be perpetually
enjoined and restrained from digging or making any excavations in or obstruct-

---

* This is "plaintiff" in record. — [REP.

ing the highway in any manner; provided, however, that the defendant shall have the right to quarry out the stone underneath the said highway, but while doing so it must maintain the same open to the passage of the public and unobstructed to the full width of the highway, and keep the same in a safe and passable condition and not interfere with the free and uninterrupted use of said highway for public travel or the working and control of said highway by the highway commissioner of said town."

*Held*, that the quarry company, having the fee to the land within the highway limits, had a legal right to remove the stone thereunder, but that the public easement thereon should not be unnecessarily interfered with by the quarry company in exercising its right to quarry the stone;

That the better way in which to preserve the rights of the town and of the quarry company would be to require the defendant to build and keep in good condition a temporary road adjacent to the highway;

That in case this was not acceptable to the town the quarry company should only be required while quarrying under the highway to keep a passageway open within the limits of the highway, upon the surface of the ground or by bridges, of sufficient width to enable teams to pass each other thereon and to keep such passageway in good repair;

That it could not reasonably be required to keep such passageway on the ground open for the full width of the highway or to bridge the highway for its full width;

That the quarry company should be required to give a bond to protect the town against loss growing out of injuries to person or property by reason of the temporary obstruction of the highway and also for the restoration of such highway;

That the quarry company should be required to complete the quarrying within a reasonable time after it was begun.

STOVER, J., dissented.

APPEAL by the defendant, the Medina Quarry Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orleans on the 22d day of April, 1904, upon the decision of the court, rendered after a trial at an adjourned term of the Orleans Special Term, granting an injunction against the defendant; and also from an order entered in said clerk's office on the 10th day of June, 1904, denying the defendant's motion to modify said judgment and for other relief.

*John J. Ryan*, for the appellant.

*Isaac S. Signor*, for the respondent.

WILLIAMS, J.:

The judgment and order should be modified as hereinafter indicated, and as modified affirmed, without costs to either party.

The defendant was organized in March, 1902, and is engaged in the business of quarrying and selling Medina sandstone from quarries in the plaintiff town, and is, and since its organization has been, the owner in fee simple of a large tract of land in said town, in and upon which are valuable deposits of the sandstone before referred to. Extending across this tract of land in an easterly and westerly direction is a highway of said town, four rods wide. The defendant is the owner of this land within the limits of the highway, in fee simple, subject only to the public easement for highway purposes. The stone under the highway lies from ten to twelve feet below the surface of the ground, and is from twelve to twenty feet in thickness. In order to remove the stone it will be necessary to excavate from thirty-two to forty feet below the surface of the ground. The length of the quarry along the highway is about eight hundred feet. The highway is in the country and not used by a great many people. Former owners of the quarry had excavated into some part of the highway, and there is no doubt that the defendant intended to continue the excavation further across the highway, constructing temporarily a road for public travel outside the limits of the highway as laid out and theretofore used.

This action was commenced to restrain such interference with the highway and resulted in the judgment appealed from, which provided " that the defendant* be perpetually enjoined and restrained from digging or making any excavations in, or obstructing the highway in any manner; provided, however, that the defendant shall have the right to quarry out the stone underneath the said highway, but while doing so, it must maintain the same open to the passage of the public and unobstructed to the full width of the highway, and keep the same in a safe and passable condition, and not interfere with the free and uninterrupted use of said highway for public travel, or the working and control of said highway by the highway commissioner of said town."

After the entry of the judgment the defendant made a motion at a Special Term, held by the justice who tried and decided the case, to modify the judgment so as to permit a practical quarrying of the stone under the highway, but the motion was denied and order entered. The appeals are from the judgment and this order.

---

*This is "plaintiff" in record. — [Rep.

It cannot be denied that the defendant has a legal right to quarry and take the stone from under the highway. It has the fee to the land within the limits of the highway, and may remove the stone. The public has a legal right to use the land for highway purposes, and this right must not be unnecessarily interfered with by the defendant in quarrying and taking out its stone. So far the parties do not disagree, and no authorities need, therefore, be cited to sustain the proposition. The only question in dispute is as to the manner in which the quarrying may be done so as to protect defendant's property rights and enable it to remove the stone and yet not unnecessarily interfere with the public use of the land for highway purposes. The plaintiff's claim is expressed in the terms of the judgment made by the court, but the injunction provided for by such judgment, instead of regulating the doing of the work so as to protect the public rights in the highway, practically prohibits the quarrying of the stone entirely. It provides for a perpetual injunction against *any* excavation in, or obstruction of, the highway in *any* manner, and then permits the quarrying of the stone, *provided* that, while the work is being done, the highway is maintained open and unobstructed to its full width and there is no interference with its uninterrupted use for public travel or work or control by the commissioner. It is quite apparent that the quarrying cannot be done without *some* obstruction and interference with the highway in *some* part of its width of four rods. The highway is in the country, is little traveled, and there is no reason why it should be kept open to its full width while the quarrying is going on, or if bridged, why the bridge should be four rods wide. Much the safer and better way to take care of the travel while the quarrying is being done, would be to build a road south of and adjacent to the highway and use that. The defendant would have to prepare and keep such road in good condition. Very likely the commissioner cannot be compelled to permit such a temporary change in the roads, but if he would do so it would simplify matters very materially. In case of his refusal to accept such temporary road, the defendant should only be required while quarrying to keep a passageway open within the limits of the highway upon the surface of the ground, or by bridges of width sufficient to enable teams to pass each other thereon and keep it in good repair.

It could not reasonably be required to keep this passage on the ground open four rods wide or to bridge the highway to its full width of four rods. Provision should also be made for protecting the town against loss growing out of injuries to persons and property by reason of the temporary obstruction and interference with the highway and public travel thereon while the quarrying is being done and also for its restoration. There should be a bond given for this purpose in sufficient penalty and with adequate sureties. The quarrying should also be completed within a reasonable time after it is begun, so that the obstruction and interference with the highway and travel thereon may be temporary and in no way permanent. Such temporary interference with highways even in villages and cities is frequently permitted and indeed is never refused in the interests of public improvement and private enterprise, and we see no reason why the defendant should not be permitted to quarry the stone under this highway, so as to reap the benefit derived from the sale thereof, and to enable the public to have the use of the stone. Some inconvenience will be suffered by the public, but making that as small as possible and protecting the town from loss, we should permit the quarrying to be done.

The judgment and order appealed from should be so far modified as to permit the defendant to quarry its stone from the highway upon the conditions referred to above, and as modified affirmed, without costs to either party of these appeals.

The form of the order to be settled before Mr. Justice WILLIAMS upon notice of five days.

All concurred, except STOVER, J., who dissented in a memorandum.

STOVER, J. (dissenting):

I am unable to concur in a modification and affirmance of the judgment as suggested in the opinion of Mr. Justice WILLIAMS.

The evidence shows that the quarrying of this stone involves the entire removal of the roadbed and the construction of a new road; and practically all that will be left of the present road will be the location; that this work will occupy probably seven years, and that during this time the roadbed will be occupied by the workmen and machinery of the defendant in removing the soil, preparing for the actual quarrying, and then in the removal of the stone.

I think this shows that it is not a temporary use of the highway, and that the contemplated use by the defendant is so utterly inconsistent with the use of the premises as a highway as to destroy its usefulness for the passage of the public.

I find no fault with the general proposition that a temporary use of a highway by an adjoining owner, under certain circumstances, is justifiable, but it must not unreasonably interfere with the rights of the public. The fundamental doctrine is that the public is at all times entitled to the free and uninterrupted use of the highways; and that any one seeking to exercise rights in the highway must do so in subordination to the general rights of the public as above stated.

It seems to me impossible that a business such as quarrying stone may be conducted in a highway for a number of years without serious interruption to the rights of the public, and, therefore, it cannot be said to be a reasonable use.

The proposition may be summed up in the statement that the use of the premises as a highway and as a quarry are utterly inconsistent; and the rights of the public being superior, the subordinate right of the owner must yield.

The evidence does not clearly show the cost of constructing the highway after the stone shall have been removed, but it would seem that common experience would indicate that such expense would be so great as to render the proposed reconstruction impracticable. While it may be said that the bond may be of sufficient amount to accomplish the rebuilding of the road, yet, unless we are satisfied that it is practicable, we ought not to inconvenience the public, or put the town authorities to the hazard of being compelled to reconstruct the road and recover the cost many years hereafter from the defendant or perhaps its bondsmen.

I think the judgment should be affirmed.

Judgment and order modified in accordance with the opinion herein, and as thus modified affirmed, without costs of this appeal to either party, the form of the order to be settled by and before Mr. Justice WILLIAMS on five days' notice.