TOWN OF ALBION, Appellant, *v.* JAMES H. RYAN and Others, Respondents.

Fourth Department, May 3, 1922.

**Highways — abutting owners properly enjoined pendente lite from obstructing highway while quarrying underneath same — leave granted to apply for modification of injunction to allow operating under certain restrictions — highways for public convenience and under control of Legislature — necessary temporary obstruction allowable.**

Owners of land abutting a public highway were properly enjoined *pendente lite* from obstructing the same while quarrying sandstone from underneath, where it appeared that the quarrying undertaking was so extensive that the interruption of public travel would probably continue for years. However, as the rights of such owners, the public inconvenience to be caused and many other matters can be determined only upon a trial of the issues, they should be allowed to apply for a modification of the injunction permitting them to excavate, for a limited time, under certain restrictions, keeping a safe and convenient way open for public travel and furnishing an indemnity bond protecting the town against liability and loss arising from the interference with the highway and its restoration.

Highways are created for the use of the public and their absolute control is in the Legislature, but the municipality is charged with the duty of maintaining them as a trustee of the people of the State.

An abutting owner may temporarily and reasonably encroach upon a highway and temporarily interfere with public travel where his own convenience and necessity require it.

HUBBS, J., dissents.

APPEAL by the plaintiff, Town of Albion, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Orleans on the 5th day of January, 1922, vacating a temporary injunction obtained by the plaintiff unless the plaintiff on or before January 12, 1922, enters into an agreement with the defendants providing for the quarrying by the defendants of the stone underneath the highway mentioned in said complaint and for the temporary use by the public of the highway or road mentioned and described in the said answer, the

defendants to furnish a bond to the plaintiff on such agreement, the form and substance of which is to be approved by the justice at Special Term, and in the event that the parties hereto are unable to agree as to the terms of said agreement, the same shall be settled by said undersigned justice upon notice of three days. The plaintiff did not elect to make such agreement but appealed.

*Thompson Brothers* [*Frederic M. Thompson* of counsel], for the appellant.

*Fluhrer, Reed & White,* for the respondents.

DAVIS, J.:

The respondents are the owners of lands abutting a public highway in the town of Albion, described as " much traveled " by the plaintiff but denied by the defendants. The defendants have for some time engaged in quarrying Medina sandstone on said premises. They allege that they have quarried and sold all the valuable stone that may be taken from the tract lying south of the highway and that a valuable deposit lying about ten feet beneath the surface and about twenty feet in thickness extends underneath the highway for a distance of about four hundred and fifty feet along said highway which they desire to remove.

They applied to the town board and the town superintendent requesting permission to excavate said highway, which application was denied. Whereupon it was asserted in their behalf that if such consent was not given, the defendants would proceed to excavate said highway without permission and quarry out the stone under the highway abutting their premises.

This they proceeded to do, obstructing the highway with fences and creating a temporary road adjacent thereto to which they diverted the public travel. The plaintiff brought action asking that the defendants be perpetually enjoined and restrained from interfering with said highway and be required to remove the fences and to repair any damage done to said highway. A temporary injunction was obtained pending the determination of the action and this injunction was vacated under the conditions heretofore stated.

I think the order vacating the injunction was unauthorized, and if it may be regarded as an exercise of discretion, there was an abuse of such discretion.

Highways are created for public convenience, to give to the public the privilege of passage. A highway is created by voluntary dedication by the owner of the fee or by the exercise of the right of eminent domain on the part of the State or municipality with compensation to the owner. The absolute control of the highways and the direction of their use is in the Legislature, but the munici-

pality is charged with the duty of maintaining and keeping highways in repair for public use as a trustee of the people of the State. (*Adamson* v. *Nassau Electric R. R. Co.*, 89 Hun, 261.)

Section 52 of the Highway Law (as amd. by Laws of 1914, chap. 196) provides: " Obstructions, within the meaning of this section. shall include * * * fences * * * erected within the bounds of the highway * * *. It shall be the duty of each owner or occupant of lands situate along the highway, to remove all obstructions within the bounds of the highway, which have been placed there, either by themselves or by their consent. * * *. If temporary obstructions * * * are not removed within five days after the service of a notice, personally or by mail, upon such owner or occupant, requesting the same to be done, the town superintendent shall remove such obstruction. * * * The expense thereby incurred shall be paid * * *, and the amount thereof shall be charged against such owner."

Section 53a (added by Laws of 1910, chap. 567, as amd. by Laws of 1913, chap. 80) provides: " The necessary obstruction of a highway by * * * other temporary obstruction shall only be allowed if a highway other than a State or county highway under a permit granted by the county superintendent upon the written request of the town superintendent, and if a State or county highway under a permit granted by the Commissioner of Highways."

By section 1530 of the Penal Law the unlawful interference with or the obstruction of a public highway is declared to be a public nuisance and a crime.

It is true that an abutting owner may, if necessary, temporarily and reasonably encroach upon the street and temporarily interfere with public travel where his own convenience and necessity require it, without the creation of what in the law is deemed a nuisance, but such obstruction must not only be temporary but necessary in the transaction of the business of him who obstructs the highway and reasonable as regards the rights of others. (*Tinker* v. *N. Y., O. & W. R. Co.*, 157 N. Y. 312.) But in the case under consideration the obstruction is neither temporary nor reasonable. The defendants nowhere say how long the interruption of public travel may continue while they are excavating this large amount of sandstone. Very likely it will be for years. They have already excavated a trench twenty feet wide and five feet deep, north and south across the entire width of the highway. Their deposit lies ten feet below the surface and is about twenty feet in thickness and defendants admit it will be necessary to excavate about thirty feet below the surface of the ground and the deposit extends for a distance of four hundred and fifty feet along the highway. It will, therefore,

be no trifling task to excavate and remove earth and sandstone covering a space four hundred and fifty feet long, four rods wide and thirty feet in depth and to fill up such excavation and restore the surface in a condition for public travel.

In 37 Cyc. 208, it is said: " A systematic and continued encroachment upon a public highway, although for the purpose of carrying on a lawful business, is unjustifiable." Cases in several jurisdictions are cited as authority for this principle which really needs no citation to sustain. The owner may mine under the highway or he may dig up the soil, provided he does not interfere with the public convenience. (Jones Ease. § 479.) Public rights of way are rights in gross. (Id. § 422.)

A question very similar to the one presented here was passed on by this court in *Town of Clarendon* v. *Medina Quarry Co.* (102 App. Div. 217). There the judgment granted after trial and appealed from perpetually enjoined and restrained the defendant from making any excavation in or obstructing the highway in any manner, provided " that the defendant shall have the right to quarry out the stone underneath the said highway, but while doing so, it must maintain the same open to the passage of the public and unobstructed to the full width of the highway * * * and not interfere with the free and uninterrupted use of said highway for public travel, or the working and control of said highway by the highway commissioner of said town." It appeared that the highway was little traveled. Upon appeal the judgment was modified on the ground that there was no reason why it should be kept open to its full width while the quarrying was going on, or if bridged, why the bridge should be four rods wide. It was said: " Much the safer and better way to take care of the travel while the quarrying is being done, would be to build a road south of and adjacent to the highway and use that. * * * Very likely the commissioner cannot be compelled to permit such a temporary change in the roads, but if he would do so it would simplify matters very materially. In case of his refusal to accept such temporary road, the defendant should only be required while quarrying to keep a passageway open within the limits of the highway upon the surface of the ground, or by bridges of width sufficient to enable teams to pass each other thereon and keep it in good repair." Provision was required for protecting the town against loss growing out of injuries of persons and property by reason of the obstructions and interference with the highway and public travel and also for its restoration. The judgment was modified accordingly, but there is much to be said in favor of the principle stated by STOVER, J., dissenting, that " The fundamental doctrine is that the public is

at all times entitled to the free and uninterrupted use of the highways; and that any one seeking to exercise rights in the highway must do so in subordination of the general rights of the public as above stated."

The act of the defendants in defiance of public authority in thus obstructing and diverting public travel and occupying and destroying the public highway to such an extent without provision for damage or restoration was originally an unauthorized and lawless act which places them in a very unfavorable position before the court. It may be that upon a trial the evidence will disclose that they have substantial rights that ought to be protected even at the expense of prolonged inconvenience to the public. The extent of those rights, the public inconvenience to be caused, the time during which the work must be continued and the ability or willingness of the defendants to restore the highway and many other questions cannot be determined on the pleadings and affidavits and can be properly determined only upon a trial of the issues.

The defendants have a right to tunnel beneath the surface and remove their mineral deposit provided they can do so without interference with the surface of the highway, but if their operations contemplate a long, protracted interference with the surface, the public rights are superior and until the controverted questions are settled, the rights of the defendants must yield and those of the public be protected.

The order vacating the injunction should be reversed, with ten dollars costs to the appellant, and the order granting the injunction reinstated, with leave to the defendants to apply at Special Term for permission to modify the order so that they may be permitted for a limited time to excavate in certain portions of the highway while keeping a safe and convenient way open therein for public travel, or by bridging the excavation by a safe and secure bridge of sufficient width so that two vehicles may conveniently pass, which shall be kept in good repair; and by furnishing an indemnity bond protecting the town against liability and loss growing out of injuries to persons and property by reason of such obstructions and interference with the highway and public travel, and insuring its restoration.

All concur, except HUBBS, J., who dissents and votes for affirmance.

Order reversed, with ten dollars costs and disbursements, and injunction reinstated, with leave to defendants to apply at Special Term to modify the injunction order in accordance with the terms and conditions stated in the opinion.