DAVIDSON v. HOUSTON E. & W. T. RY. CO. (No. 168.)

(Court of Civil Appeals of Texas. Beaumont. March 22, 1917. Rehearing Denied April 18, 1917.)

1. TRESPASS TO TRY TITLE &⚏32—PETITION—RAILROAD RIGHT OF WAY—OWNERSHIP OF FEE.

Petition in trespass to try title showing only that when, 14 years before, plaintiff condemned for right of way the land in question, defendant was the owner of the fee, is not subject to demurrer predicated on its affirmatively showing that defendant is still such owner; as, for all it shows, he may have disposed of his interest.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41.]

2. TRESPASS TO TRY TITLE &⚏32—PETITION—RAILROAD RIGHT OF WAY.

Petition in trespass to try title, not showing that defendant is the owner of the fee of the land in question, condemned for plaintiff's right of way, need not show in what way defendant is interfering with plaintiff's easement, or how his possession interferes with or prevents plaintiff using the land for the purposes for which it holds and owns the easement, though it would have to show this if showing such ownership.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41.]

3. EMINENT DOMAIN &⚏319—RIGHT OF WAY—USE AND POSSESSION BY FEE OWNER.

The owner of the fee of land condemned for railroad right of way is entitled to possession and use thereof not interfering with its use for right of way purposes, and it is entitled to judgment dispossessing him of the land only where and to the extent that its petition alleges, and the evidence shows, that his possession and use of a part thereof is inconsistent with or prevents its use of the same for such purposes; so that, it merely appearing that at certain points his fence extends over its right of way line from 3 to 18 feet, judgment should not be entered for it against him for exclusive possession of the right of way.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 847–850.]

4. RAILROADS &⚏73(1)—RIGHT OF WAY—USE OF DIRT BY RAILROAD.

A railroad may as against the owner of the fee of a part of its right of way use dirt therefrom for purposes of the road outside such part of the right of way.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 179.]

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by the Houston East & West Texas Railway Company against Jno. P. Davidson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Geo. F. Ingraham and C. A. Hodges, both of Nacogdoches, for appellant. McMeans, Garrison & Pollard and Baker, Botts, Parker & Garwood, all of Houston, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellee, Houston East & West Texas Railway Company, a railroad corporation, against appellant, Jno. P. Davidson, in the district court of Nacogdoches county, on May 16, 1914, and went to trial and final judgment was entered on February 21, 1916. A jury was demanded, but when the evidence was concluded, the trial court peremptorily instructed a verdict for appellee, and entered judgment upon such verdict in favor of appellee, from which judgment appellant has duly appealed to this court.

We deem it unnecessary to set out the pleadings in full, but think it will suffice to state substantially the allegations found in appellee's petition (appellee being plaintiff below) and those contained in appellant's answer (he being defendant below).

Appellee alleged that on September 18, 1888, a judgment was entered in the county court of Nacogdoches county in favor of the Houston East & West Texas Railway Company, appellee, and M. G. Howe, who was then receiver of said railway company, against Jno. P. Davidson, appellant here, for 2.81 acres of land for right of way purposes. The judgment in that condemnation suit describes the 2.81 acres of land there condemned by metes and bounds, and, as we construe the pleadings in this case, the 2.81 acres of land for the recovery and possession of which appellee brought this suit is the same land that was condemned for right of way purposes in favor of appellee in said condemnation suit. It was further alleged by appellee in this suit that it is now the owner of said land for right of way purposes, as described above, and that it is entitled to the possession and use of the same for right of way purposes, and that the defendant, appellant here, has entered upon and taken possession of a part of said right of way, and is now willfully and unlawfully withholding the same from

the use and possession of appellee, and the prayer is:

"Wherefore plaintiff prays that the defendant be duly cited to answer this petition, and that on final hearing hereof the plaintiff have judgment for the right and possession of the property above described for right of way purposes as against the defendant, Jno. P. Davidson, and for costs and general relief."

The petition is indorsed:

"Houston East & West Texas Railway Company v. Jno. P. Davidson. Suit in Trespass to Try Title, as Well as for Damages."

Appellant, defendant below, in due time filed his answer, and thereafter amended same, and by his amended answer first interposed a general demurrer to plaintiff's petition, and then directed against the same two special exceptions. Appellant further answered by denying all and singular the allegations of appellee's petition, and alleged that he was not guilty of the wrongs and trespasses therein complained of, etc. Appellant further denied in his answer that he was in possession of any part of appellee's right of way, as described in appellee's petition. And by way of cross-action appellant in his answer alleged that appellee had condemned the land claimed in its petition for right of way purposes only, and that appellee was entitled to use the same for right of way purposes only, and, in effect, alleged that appellee had been using the land so condemned for other purposes than that for which the same was condemned, and further that appellee had removed a great deal of the dirt from said right of way, and hauled the same away, and used the same for purposes other than right of way purposes, and that such dirt was the property of appellant, and claimed damages against appellee for the value of such dirt so removed in the sum of $1,000, and prayed a recovery therefor. This states substantially the issues made by the parties below, and in view of the disposition we shall make of this case, we deem it unnecessary to state more in detail their contentions. We might say, however, that appellee filed a supplemental petition, excepting to appellant's cross-action, etc., and denying his allegations therein.

[1] It seems that all exceptions of both parties were by the trial court overruled, and the first assignment of error by appellant challenges the action of the court in overruling his general demurrer. The proposition under this assignment is:

"When a petition in trespass to try title shows on its face that the plaintiff's title is an easement acquired from the defendant, who is the owner of the fee, a general demurrer to it should be sustained, because it shows no right in the plaintiff to the title or possession as against the owner of the fee."

If we should concede that this proposition of law, thus broadly stated, is correct, still it would not follow that this assignment ought to be sustained. This proposition assumes that appellee's petition shows upon its face that appellant was the owner of the fee in the land here sued for at the time of the filing of this suit, but this assumption is not correct. It does appear affirmatively from appellee's petition that at the time the 2.81 acres of land now sued for by appellee were condemned in 1888 appellant was then the owner of the fee, but it does not appear from the face of the petition that he has remained the owner of the fee, and was such owner at the time of the filing of this suit, and, so far as disclosed by appellee's petition, this court could not tell whether appellant had disposed of whatever interest he had in the land condemned before the filing of this suit, or whether he still retained such interest, and for that reason alone, without discussing the proposition further, we overrule appellant's first assignment of error.

[2] Appellant's second assignment is directed against the action of the trial court in overruling his special exception to plaintiff's petition, and the proposition under this assignment is:

"In cases of trespass to try title based upon an easement in possession of the plaintiff, the petition alleging that defendant holds part of it from plaintiff, the petition should describe the land sued for, so the defendant would know what he is sued for, and how and in what way he is interfering with the easement."

If it were true, as assumed by appellant, that appellee's petition disclosed upon its face that appellant was the owner of the fee in the land sued for herein, and appellee was only entitled to an easement therein, as against appellant, at the time this suit was filed, then we think that appellant would be correct in his contention that appellee's petition should show affirmatively in what way appellant is interfering with such easement, or how his possession interfered with or prevented appellee from using the land for the purposes for which it held and owned the easement therein; but, since it does not appear from appellee's petition that appellant had any interest of any nature in this land at the time of this suit below, we think that this special exception was correctly overruled, and we therefore overrule this assignment of error.

Appellant's third assignment of error raises, in effect, the same proposition of law raised by the second assignment of error, and for the same reason this assignment is overruled.

We have examined appellant's fourth, fifth, sixth, and seventh assignments of error, and, without discussing the same at length, we are of the opinion that the same should be overruled.

[3] Appellant's eighth and ninth assignments of error raise substantially the same question, and are submitted as a proposition, and challenge the action of the trial court in directing a verdict in favor of appellee for the possession of the 2.81 acres of land claimed for right of way purposes, and in entering judgment on such verdict in favor of appellee for the possession thereof, and further decreeing and ordering that appellant vacate and remove and be dispossessed of said land, because, as claimed by appellant, the evidence showed that appellee held only an ease-

ment in said land for the purposes of a right of way, and that appellant was the owner of the fee in the land, and was entitled to possession and use thereof so long as such possession and use did not interfere with the use of same by appellee for right of way purposes.

After a careful examination and consideration of these assignments and the authorities in this state bearing upon the proposition of law thereby raised, we think that these assignments should be and they are sustained. We understand it to be the law of this state, as construed by our appellate courts, that where land is conveyed to a railroad company for right of way purposes only, or where such land is condemned for right of way purposes only, the railroad company, in either instance, acquires only an easement in such land, and the fee therein remains in the owner of the land conveying the same for right of way purposes, or in him against whom the same may be condemned for right of way purposes, and since it does appear with reasonable certainty from the evidence adduced on the trial that appellant was the owner of the fee in this 2.81 acres of land sought to be recovered by appellee, and since it does not appear from the pleadings of appellee that appellant's possession of a part thereof and the use to which he was putting the same was inconsistent with or prevented appellee from using the same, or interfered with appellee in the use of the same for right of way purposes, the court was in error in instructing a verdict in favor of appellee as against appellant for the recovery of same, and in entering judgment dispossessing appellant from such land. The evidence does disclose that appellant's fence was over appellee's right of way at certain points, varying from 3 feet to 18 feet over appellee's right of way line, but, as there was no allegation in appellee's petition that appellant had such land fenced, or that appellant's use or fencing of the same in any manner interfered with appellee's use of such right of way for the purposes for which the same was condemned, we think that the court could not correctly enter a judgment in favor of appellee for the exclusive possession of such right of way as against appellant, the owner of the fee therein, and dispossessing appellant from the same.

In the case of Olive, Sternenberg & Co. v. S. & E. T. Ry. Co., 11 Tex. Civ. App. 208, 33 S. W. 139, this question was fully discussed by the Galveston Court of Civil Appeals, speaking through Justice Williams, and, among other things, it was said:

"Hence the conveyance of the right of way, as between the grantor and the grantee in the deed here in question, conferred upon the railway company the privilege of putting any and all parts of the strip 200 feet wide to all uses for which a right of way may be employed, under the law of this state, in the construction, maintenance, and operation of a railway. But the title to the fee remained in the grantor, and his right to enjoy the property was impaired only to the extent necessary to the full exercise by the grantee of the rights acquired by it un-der the conveyance. And here a conflict of opinion has arisen among the courts as to the co-relative rights of the owner of the fee and the owner of the right, some holding, as matter of law, that the nature of the use of the right of way essential in the operation of a railway is such as to necessitate the entire possession and control of the soil burdened with the right, and to exclude the owner of the fee from any concurrent use or enjoyment of it whatever, and others holding that, while the right of the company is the paramount one, and the owner cannot impede its full exercise or put the land to uses inconsistent with its full exercise, still it is not of such a nature as to prevent the use of the land by the owner for any purpose at all; in other words, that some uses by the owner are consistent with the full exercise by the railway company of all its rights and the accomplishment of all of its ends. The latter view is the one generally held and has been expressed in a number of opinions in this state. Calcasieu Lbr. Co. v. Harris, 77 Tex. 22 [13 S. W. 453]; Lyon v. McDonald, 78 Tex. 71 [14 S. W. 261, 9 L. R. A. 295]; Muhle v. New York Texas & Mexican Ry., 86 Tex. 459 [25 S. W. 607].

"Counsel for appellee urge that the cases referred to have not definitely settled the question in this state, and insist that the law is correctly laid down in the line of decisions first mentioned, but, if the question is to be viewed as an open one, it seems to us that those decisions are incorrect, because they are based upon an incorrect assumption of a fact. Common observation teaches that the owner of the fee may use the land for some purposes without interfering with the operation of the road, and without hindering the company in the exercise of any right. The right to fence the right of way given by statute and the duty to keep it free from nuisances, combustible material, and the like, as declared by the courts, may not conflict with the use of the land by the owner for some purposes. The tract may not be fenced in any place, and cannot be fenced at all places. Combustible material and noxious matter may be kept off the right of way, and still the owner need not necessarily be excluded from all use of it at all times and places. And a particular use of the land by the owner may not obstruct or hinder the exercise of any right or the performance of any duty. But if, in any instance, the right to use the land claimed by the owner is, in fact, irreconcilable with the right vested in the railway company, the latter must prevail. So the question is whether or not the use made of the right of way by the owner of the fee, in this case, is such as is inconsistent with the rights of the railway company. As we have seen, the company's rights extend to every part of the strip described in the deed. It has the right at all times and places to have such access to and use of the land as is necessary to enable it to perform any duty or accomplish any end which the law requires or permits it to perform or accomplish upon the right of way. The uses to which it may put its right of way include the building of side tracks, buildings, telegraph lines, and other structures necessary for its business, the making of cuts and embankments, taking material for its necessary building purposes, the inclosure of its track with fences, and the keeping of its premises in proper and safe condition for the prosecution of its business and the protection of others from injuries to result from any of its omissions. Hence a possession taken or use made by the owner of the fee of a portion of the land over which these rights extend, which necessarily during its continuance excludes the owner of the right of way from any use of or access to the portion so held or used, would be an invasion of the right of the latter. It cannot be held that an exclusive possession of a portion of the land charged with the easement by the owner of the fee is consistent with the rights of the person entitled to the easement to put the land to such uses as those mentioned."

In the case from which the above language is quoted it appeared that the possession of the owner of the fee and the uses to which he put the company's right of way amounted to an exclusive possession by the owner, and were entirely inconsistent with and absolutely prevented the railroad company from using the land so possessed by the owner for right of way purposes at all, and in that case the owner of the fee was required to remove several buildings which were on the company's right of way, and in close proximity to its tracks, because such buildings amounted to exclusive possession and appropriation by the owner of the fee, and the trial court therefore granted the prayer of the railway company for the removal of such buildings from its right of way, and the Court of Civil appeals affirmed that judgment, and a writ of error was denied by the Supreme Court. In that case, however, the railway company did not seek to recover, and did not, in fact, recover as against the owner of the fee, the exclusive possession of all the land included in its right of way, and did not ask to have the owner of the fee turned out of possession, but only prayed for the removal of such buildings as amounted to an exclusive appropriation by the owner of the fee of so much of the land as was covered by such buildings, and the prayer, to this extent, was granted. We think that the decision in that case was correct in announcing the correlative rights of the owner of the fee and the owner of the easement in land conveyed to or condemned by a railway company for right of way purposes, and that the same is decisive of the point raised by these assignments, and it would serve no useful purpose to discuss this question more at length. If upon another trial appellee should amend its petition complaining of appellant's possession of its right of way in such manner as interferes with appellee's use of same for right of way purposes, and should ask for the removal of appellant's fence from such right of way, on the ground that same interfered with appellee's use of the same, and the evidence should so show, the court should enter judgment in favor of appellee, requiring appellant to remove any and all obstructions from such right of way as was found to be inconsistent or to materially interfere with the uses of such right of way by appellee for its purposes as a railway company. The case is not in such shape, as presented by the record here, where we would feel authorized or disposed to reverse and render the same, and for the error on the part of the trial court in entering judgment dispossessing appellant from said land, under the pleadings and evidence in this case, the judgment will be reversed, and the cause remanded.

[4] We have examined all other assignments of error made by appellant, and overrule the same. In so far as his assignments based upon his cross-action are concerned, we are of the opinion that the trial court correctly entered judgment that appellant take nothing by his cross-action, for the reason that the evidence affirmatively shows that all the dirt taken by appellee the taking of which is complained of was taken from appellee's right of way, and that the same was used for such purposes as was authorized by the law of this state. In other words, such dirt as was taken from the right of way was used by appellee, according to the evidence, in the construction and operation of its business as a railway company. The appellant, however, seems to be of the opinion that the railway company could not use any part of the sand or dirt on this right of way at any point on its railroad, or for any purpose connected with its business as a railroad company, save and except to the extent of using the same in connection with its track over that portion of the right of way within the limits of the easement. We do not think this is the proper construction to be placed upon appellee's rights under the law of this state, and therefore overrule this contention, and hold that the court was correct in instructing a verdict in favor of appellee as against appellant on his cross-action.

The judgment is reversed, and the cause remanded.